74068. HARWELL v. CONTINENTAL INSURANCE COMPANY.
(359 SE2d 172)

POPE, Judge.

Plaintiff Willie V. Harwell, his wife and three others were seriously injured and one party was killed in an automobile accident which occurred on June 1, 1984 in Conecuh County, Alabama. The tortfeasor, Ms. Inez Reeser, was insured under a policy issued by State Farm Mutual Automobile Insurance Company, which provided personal injury liability insurance coverage in the amount of $50,000 per person, $100,000 aggregate per accident. At the time of the accident Harwell was driving a vehicle owned by his employer which was covered by a policy of insurance issued by Liberty Mutual Insurance Company. This policy provided uninsured motorist coverage in the amount of $25,000. There was also in effect at this time a policy issued by Continental Insurance Company, defendant herein, to Harwell, which also provided $25,000 in uninsured motorist coverage.

State Farm filed an interpleader action in the Circuit Court of Conecuh County, Alabama naming Harwell, the other injured parties and the estate of the deceased as defendants. By motion of State Farm, the tortfeasor was subsequently made a party plaintiff to that action. Harwell answered and counterclaimed against both State Farm and the tortfeasor. The Alabama trial court rendered judgment for the defendants/counterclaimants and awarded each claimant a proportional sum of the $100,000 paid into the court by State Farm. Harwell was awarded $350,000 for his personal injuries; his proportional share of the total recovery was $12,620.55.

Harwell (hereinafter "plaintiff") subsequently filed the present action against Continental as his uninsured motorist carrier in the Superior Court· of Hall County, Georgia based on his contention that

the tortfeasor was "underinsured" (and thus uninsured) in the amount of $337,379.45, said amount being the difference between the amount awarded plaintiff for his personal injuries and his proportional share of the recovery. Continental answered, and plaintiff filed a motion seeking partial summary judgment; Continental also moved for summary judgment. The trial court granted Continental's motion and held that the tortfeasor was not uninsured within the meaning of OCGA § 33-7-11. Plaintiff filed this timely appeal in which the only issue presented for review is whether the trial court erred in finding the tortfeasor was not uninsured within the meaning of the relevant code section.

As applicable to the case sub judice (prior to the January 1, 1987 amendment discussed hereinbelow), an uninsured (or "underinsured") motor vehicle is "a motor vehicle [of the tortfeasor] . . . as to which there is: . . . (ii) Bodily injury liability insurance and property damage liability insurance with limits of coverage which are less than the limits of the uninsured motorist coverage provided under the insured's insurance policy, but the motor vehicle shall only be considered to be uninsured for the amount of the difference between the limits of the bodily injury liability insurance and property damage liability insurance coverages on such motor vehicle and the limits of the uninsured motorist coverage provided under the insured's motor vehicle insurance policy. . . ." OCGA § 33-7-11 (b) (1) (D) (ii).

Relying totally on authority from other jurisdictions, plaintiff contends that the term "limits of coverage" under OCGA § 33-7-11 (b) (1) (D) (ii) should be construed so as to mean the amounts *available* under the tortfeasor's policy. Thus, in the case sub judice, because plaintiff only recovered $12,620.55 of his $350,000 claim, the tortfeasor should be deemed uninsured for the remaining amounts, and the plaintiff should be entitled to recover the difference between the $12,620.55 coverage received and the $50,000 available under his and his employer's uninsured motorist policies.[1] On the other hand, Continental contends that plaintiff is not entitled to uninsured motorist coverage because the *limits* of the tortfeasor's policy and the "stacked" uninsured policies are identical ($50,000).

We note first that effective in January 1987 the legislature amended OCGA § 33-7-11 (b) (1) (D) (ii) so that the availability of uninsured motorist coverage is now determined by looking to the "available coverages" under the tortfeasor's policy, exactly as plaintiff urges. Ga. L. 1986, p. 394, § 1. The legislature specifically provided,

---

[1] Because we agree with Continental that the trial court properly denied uninsured motorist coverage in the case sub judice, it is unnecessary for us to consider Continental's argument that plaintiff is barred from "stacking" the uninsured motorist policies because his wife previously received all amounts available under the employer's policy.

however, that "[t]his Act shall become effective January 1, 1987, and shall apply to motor vehicle liability insurance policies issued, delivered, or renewed in Georgia on or after January 1, 1987," (Ga. L. 1986, pp. 394, 395, § 2) and, therefore, is inapplicable to the resolution of the issue presented in the case at bar. Moreover, it is clear to us that under the plain and unambiguous terms of the statute applicable herein "[r]ecovery [of 'underinsured' motorist coverage] is limited to the amount of the difference between the *limits* of the coverage on the tortfeasor's automobile and that of 'the insured's motor vehicle policy.'" (Emphasis supplied.) *State Farm &c. Ins. Co. v. Hancock*, 164 Ga. App. 32, 33 (295 SE2d 359) (1982). Accord *Lewis v. Atlanta Cas. Co.*, 179 Ga. App. 185 (1) (345 SE2d 858) (1986). Thus, prior to the 1987 amendment the amount actually recovered under the tortfeasor's policy is irrelevant in determining the availability of uninsured motorist coverage.

Plaintiff also argues that the policy issued by Continental is uncertain and ambiguous as to what constitutes "underinsured" motorist coverage and therefore should be construed to provide a definition of "underinsured" motorist coverage that is more liberal than statutorily prescribed. However, as our review of the record indicates this issue was raised for the first time on appeal, we are precluded from considering this argument. See, e.g., *Spencer v. McCarley Moving &c. Co.*, 174 Ga. App. 525 (1) (330 SE2d 753) (1985).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JUNE 15, 1987 —
REHEARING DENIED JUNE 23, 1987.

*Jack M. Carey, Christopher J. Walker III*, for appellant.
*W. Wray Eckl, Stephen R. Kane*, for appellee.