### 76788. BOHANNON et al. v. FUTRELL.
### 76789. BOHANNON v. FUTRELL.
### 76790. WILSON et al. v. FUTRELL.
(375 SE2d 637)

BENHAM, Judge.

Appellant Suzanne Bohannon was a passenger in an automobile driven by appellant Katherine Wilson in February 1985 when it was struck by a vehicle driven by Futrell. The women filed suit a month later against Futrell and his employer, seeking damages for their injuries, and their husbands sought recompense for medical expenses and loss of consortium. The tortfeasor's employer was granted summary judgment following this court's opinion in *Aubrey Silvey Enterprises v. Bohannon,* 182 Ga. App. 738 (356 SE2d 693) (1987). Shortly thereafter, appellee J. C. Penney Casualty Insurance Company (J. C. Penney), the uninsured motorist carrier (UMC) for the Wilsons, and appellee State Farm Mutual Automobile Insurance Company (State Farm), the UMC for the Bohannons, were served with copies of the actions (in Case No. 76790 in June 1987, and in Case Nos. 76788 and 76789 in August 1987). Citing the failure of appellants to serve the UMCs within the two-year statute of limitation for personal injury (OCGA § 9-3-33), the trial court granted the motions to dismiss State Farm from Case No. 76788, and J. C. Penney from Case Nos. 76788 and 76790. J. C. Penney was also dismissed from Case Nos. 76788 and 76789 on the ground that it was not the primary UMC for the plaintiffs in those cases. See *Georgia Farm &c. Ins. Co. v. State Farm &c. Ins. Co.,* 255 Ga. 166 (336 SE2d 237) (1985). These appeals are from the trial court's dismissal of the UMCs from the various lawsuits.

1. OCGA § 33-7-11 (d) states that "[i]n cases where the owner or operator of any vehicle causing injury or damages is known, and either or both are named as defendants in any action for such injury or damages, a copy of the action and all pleadings thereto shall be served as prescribed by law upon the insurance company issuing the policy [containing uninsured motorist coverage] as though the insurance company were actually named as a party defendant."

An uninsured motorist carrier is entitled to service under OCGA § 33-7-11 (d) within the time allowed for service on the defendant in the tort action. *Vaughn v. Collum*, 236 Ga. 582 (224 SE2d 416) (1976). This court has since applied that holding to affirm summary judgments granted to insurers on whom service was not made within the period of limitation. *Williams v. Thomas*, 183 Ga. App. 51 (2) (357 SE2d 872) (1987). This court has also affirmed the trial court's grant of the UMC's motion to dismiss for failure to be served within the appropriate statute of limitation. *Harris v. Allstate Ins. Co.*, 179 Ga. App. 343 (347 SE2d 368) (1986). The statute of limitation is two years for injuries to the person and four years for personal injury involving loss of consortium. OCGA § 9-3-33. Copies of the pleadings served on the UMCs in June and August 1987 were not timely insofar as the claims for personal injury from the February 1985 collision were concerned, but were "within the time allowed for service" insofar as the loss of consortium claims were concerned. OCGA § 9-3-33. Cf. *Central of Ga. R. Co. v. Harbin*, 132 Ga. App. 65 (207 SE2d 597) (1974). Therefore, the trial court did not err in dismissing the UMCs from the personal injury portions of the lawsuits but did err in dismissing the UMCs from the loss of consortium portions of the lawsuits.

Appellants argue that they did not have the right to add their UMCs as parties to the actions until it was ascertained (by way of this court's opinion in *Aubrey Silvey Enterprises v. Bohannon*, supra), that the tortfeasor did not have sufficient insurance coverage. Therefore, they reason, it was not possible to serve appellees prior to the determination that the tortfeasor was underinsured, and it was inappropriate for the trial court to dismiss the UMCs for appellants' failure to do the impossible.

Appellants' argument is based upon a misperception of the law. OCGA § 33-7-11 (d) requires service on the UMC by duplicate original copy of the pleadings filed against the owner and/or operator of the vehicle causing the injury or damage. A plaintiff's compliance with OCGA § 33-7-11 (d) does not make the UMC a party to the lawsuit. *Commercial Union Ins. Co. v. Wraggs*, 159 Ga. App. 596 (1) (284 SE2d 19) (1981); *Vaughn v. Collum*, 136 Ga. App. 677, 679 (222 SE2d 37) (1975). See also *Knight v. Ga. Farm &c. Ins. Co.*, 184 Ga. App. 312 (361 SE2d 190) (1987); *Chapman v. Burks*, 183 Ga. App. 103 (357 SE2d 832) (1987); *Moss v. Cincinnati Ins. Co.*, 154 Ga. App. 165 (268 SE2d 676) (1980); *Home Indem. Co. v. Thomas*, 122 Ga. App. 641 (178 SE2d 297) (1970). Once so served, the statute gives the UMC the right to participate directly in the proceedings by filing pleadings in its own name, thereby assuming the status of a party, or it may participate indirectly by filing pleadings in the name of the owner or operator of the injury-causing vehicle, thereby avoiding becoming a

named party to the proceedings. *Smith v. Phillips*, 172 Ga. App. 459, 461 (323 SE2d 669) (1984). The UMC may also choose not to file any pleadings in the tort action. See *Knight v. Ga. Farm &c. Ins. Co.*, supra. No judgment can be entered against the UMC in a tort action in which the UMC has been served by duplicate original if the UMC has not chosen to participate directly. *Smith v. Phillips*, supra, Division 1. Since a UMC does not become a party upon being served with a duplicate original of the action against the tortfeasor, a plaintiff need not have a cause of action against the UMC to so serve the UMC.

Implicit in appellants' position is the belief that the UMC need not be served with a duplicate original until it has been ascertained that there is an uninsured motorist involved. The service requirement of OCGA § 33-7-11 (d) should instead be read as a statutory prerequisite a plaintiff must fulfill in order to collect uninsured motorist benefits from the UMC following a tort judgment in favor of the plaintiff. Because the UMC may be liable for the amount which a plaintiff/insured "shall be legally entitled to recover" from an uninsured motorist/tortfeasor, and because a tortfeasor may become "uninsured" subsequent to the injury-causing collision (see, e.g., OCGA § 33-7-11 (b) (1) (D) (ii, iii, iv)), the UMC is entitled to statutory notice of the existence of a lawsuit in which it ultimately may be held financially responsible. If the UMC is not made aware by service pursuant to OCGA § 33-7-11 (d) of the existence of a lawsuit in which it might become financially responsible, the plaintiff/insured will not be able to recover from the UMC. See, e.g., *Williams v. Thomas*, supra; and *Harris v. Allstate Ins. Co.*, supra, and cases cited therein. Therefore, it behooves a plaintiff who suffers injury as a result of the operation, maintenance, or use of a motor vehicle to have his UMC served with a duplicate original of the action filed against the owner/operator of the injury-causing motor vehicle at the time the action against the owner/operator is filed, in order to protect his ability to collect insurance proceeds from the UMC should the tortfeasor be or become an uninsured motorist.

2. Appellants maintain that under the auspices of OCGA § 9-11-15 (c), service of the various complaints on the UMCs involved should relate back to the dates of the original filing of the complaints against the tortfeasor and his employer. Even assuming that OCGA § 9-11-15 (c) applies to OCGA § 33-7-11 (d) as it does to the statute of limitation, we disagree with appellants.

"[A]n amendment relates back to the date of the original pleadings if: (1) the claim asserted in the amendment arises out of the conduct, transaction, or occurrence set forth in the original pleading; (2) the party sought to be added has received during the period of limitation such notice of the institution of the action that he will not be

prejudiced in maintaining a defense on the merits; and (3) the party sought to be added knew or should have known during the period of limitation that, but for a mistake concerning the identity of the proper party, the action would have been brought against it. [Cits.]" *Rose v. Kosilla*, 185 Ga. App. 217 (2) (363 SE2d 623) (1987). Assuming that the first condition has been satisfied, there is no evidence that the second and third conditions have been met. Appellants suggest appellees were, or should have been, aware of the existence of a potential uninsured motorist claim against them by the fact that their insureds sought personal injury protection benefits from them. Be that as it may, an application for PIP benefits does not put an insurance carrier in receipt of notice of the institution of an action, and that is what OCGA § 9-11-15 (c) requires. Inasmuch as the conditions for relation back of amendments under OCGA § 9-11-15 (c) have not been met, the trial court did not err in failing to apply the statute to the cases at bar. *Rose v. Kosilla*, supra; *Commercial Union Ins. Co. v. Wraggs*, supra; *Vaughn v. Collum*, supra, 136 Ga. App. 677, 678.

This court's decision in *Yarbrough v. Dickinson*, 183 Ga. App. 489 (359 SE2d 235) (1987), does not demand a contrary result. Even if a timely-served UMC is awarded summary judgment on the ground that there is no uninsured motorist involved (as was the situation in *Yarbrough*), that UMC has been given the OCGA § 33-7-11 (d) notice which would also serve as a basis for permitting the relation back under OCGA § 9-11-15 (c) of a complaint subsequently filed if and when the tortfeasor became an uninsured motorist.

In sum, appellants' failure to comply with OCGA § 33-7-11 within the two-year limitation period for personal injury was a sufficient ground for the trial court to dismiss the UMCs from those portions of the various lawsuits. However, the counts in Case Nos. 76788 and 76790 alleging loss of consortium have a four-year statute of limitation, and the UMCs were served with duplicate originals "within the time prescribed by law." Thus, appellees should not have been dismissed from those lawsuits for noncompliance with OCGA § 33-7-11 (d).

3. As stated earlier, J. C. Penney was dismissed from Case Nos. 76788 and 76789 because it was not the Bohannons' primary UMC. Under the Supreme Court's holding in *Georgia Farm &c. Ins. Co. v. State Farm &c. Ins. Co.*, supra, the insurance company receiving the premium from the injured party is responsible for compensating the injured party. However, a plaintiff may "stack" multiple policies of uninsured motorist benefits of which he is the beneficiary where the tortfeasor is minimally insured. *Lewis v. Atlanta Cas. Co.*, 179 Ga. App. 185 (1) (345 SE2d 858) (1986). A tortfeasor's motor vehicle is "uninsured" if the "[b]odily injury liability insurance and property damage liability insurance [have] limits of coverage which are less

than the limits of the uninsured motorist coverage provided under the insured's insurance policy, but the motor vehicle shall only be considered to be uninsured for the amount of the difference between the limits of the bodily injury liability insurance and property damage liability insurance coverages on such motor vehicle and the limits of the uninsured motorist coverage provided under the insured's motor vehicle insurance policy. . . ." OCGA § 33-7-11 (b) (1) (D) (ii) (1986). Under this, the applicable version of the statute, "recovery of underinsured motorist coverage is limited to the amount of the difference between the *limits* of the coverage on the tortfeasor's automobile and that of the insured's motor vehicle policy. [Cits.] . . . [T]he amount actually recovered under the tortfeasor's policy is irrelevant in determining the availability of uninsured motorist coverage." *Harwell v. Continental Ins. Co.*, 183 Ga. App. 410, 412 (359 SE2d 172) (1987). We are unable to ascertain from the appellate records before us the limits of the tortfeasor's policy, the limits of the Bohannons' policy with State Farm, or the limits of the J. C. Penney policy issued to the Wilsons. If the amount of the uninsured motorist coverage available to appellant John Bohannon under his State Farm policy is greater than the limits of Futrell's policy, it was error to dismiss State Farm from the loss of consortium count in Case No. 76788. If the amount of uninsured motorist coverage available to John Bohannon from his State Farm policy and the Wilsons' J. C. Penney policy is greater than the tortfeasor's liability coverage, State Farm will be initially responsible for the difference. However, should that policy be exhausted before the difference is eliminated, the J. C. Penney policy coverage would take effect. *Lewis v. Atlanta Cas. Co.*, supra. If, however, the aggregate State Farm and J. C. Penney coverage is less than or equal to the tortfeasor's liability coverage, dismissal of the UMCs was appropriate. *Harwell v. Continental Ins. Co.*, supra.

In Case No. 76789, appellant John Bohannon filed a separate suit to recover medical costs expended on his wife's behalf and for loss of consortium. Only the Wilson's UMC, J. C. Penney, has been served with a duplicate original of that suit. As that suit presently stands, J. C. Penney was entitled to dismissal if the tortfeasor's liability coverage was equal to or greater than the aggregate amount of the uninsured motorist coverage available from the State Farm and J. C. Penney policies. Without knowledge of the policies' limits, we must remand Case Nos. 76788 and 76789 to the trial court with direction that the coverage limits be ascertained and the appropriate judgments entered.

*Judgments affirmed in part and cases remanded with direction in Case Nos. 76788 and 76789. Judgment affirmed in part and reversed in part in Case No. 76790. McMurray, P. J., and Pope, J., concur.*

Decided November 8, 1988 —
Rehearing denied November 21, 1988 — 

Jack F. Witcher, John E. Gilchrist, for appellants.

Johnson Beckham & Price, J. Eugene Beckham, Rogers, Macgruder, Hoyt, Sumner & Brinson, J. Clinton Sumner, Jr., Tisinger, Tisinger, Vance & Greer, David H. Tisinger, Downey, Cleveland & Parker, Robert H. Cleveland, Dickens & Irwin, Jeffrey S. Gilbert, Murphy, Murphy & Garner, Michael L. Murphy, Mundy & Gammage, E. Lamar Gammage, Jr., for appellees.