A90A1937. DEWBERRY et al. v. STATE FARM INSURANCE COMPANY.
(398 SE2d 266)

DEEN, Presiding Judge.
Sheila Dewberry filed a personal injury action against Rodney Dean Calhoun seeking the recovery of damages for injuries that she sustained when a vehicle driven by Calhoun struck the rear of the automobile which she was driving. Her husband, Mark, joined in the lawsuit, seeking damages for loss of consortium. State Farm Insurance Company (State Farm), the Dewberrys' uninsured motorist carrier (UMC), was served with a copy of the complaint. It then undertook an active role in the litigation and sought discovery as to the liability limits of Calhoun's insurance. After State Farm determined that the

Dewberry's UMC coverage limits and the liability limits of Calhoun's insurance coverage were identical ($25,000 per person, $50,000 per accident), it moved for summary judgment, seeking to be released from the lawsuit. The Dewberrys opposed the motion, relying upon *Bohannon v. Futrell*, 189 Ga. App. 340 (375 SE2d 637) (1988), as authority for their position that once the uninsured motorist carrier is served it is a party to the action regardless of the available limits of the policy. The trial court disagreed and granted State Farm's motion. The Dewberrys appeal. *Held*:

Under OCGA § 33-7-11 (b) (1) (D), a plaintiff cannot recover under the uninsured motorist provisions of his or her automobile insurance policy if the defendant has liability insurance equal to the plaintiff's uninsured motorist coverage limits. There is, however, no presumption that a tortfeasor is an uninsured motorist. *Hartford Acc. & Indem. Co. v. Studebaker*, 139 Ga. App. 386, 388 (228 SE2d 322) (1976). In the instant case there was no evidence presented to the trial court to indicate that the defendant's vehicle was uninsured within the meaning of the Code, or that his insurance carrier was either insolvent or denying coverage. Indeed, it is undisputed that State Farm's discovery revealed that the plaintiff's uninsured motorist coverage was equal to the defendant's bodily injury and property damage liability limits. As in *Yarbrough v. Dickinson*, 183 Ga. App. 489 (359 SE2d 235) (1987), the insured met her obligation under OCGA § 33-7-11 (d) to serve timely her UMC at a time when there was a question as to whether the defendant's vehicle was an uninsured vehicle within the meaning of the Code and prior to the running of the statute of limitation.

The court in *Yarbrough* granted the UMC's motion for summary judgment, adding a provision that the order would not affect any future claim by the plaintiff to PIP benefits or other coverage under the policy if it should be later determined that the defendant was uninsured or underinsured. This court held that the insurance carrier could not raise a statute of limitation defense contending lack of notice, as required under OCGA § 33-7-11 (d), to a future claim because it was clearly on notice. The court further found that since the defendant's vehicle was not uninsured, the plaintiff had "no present cause of action against her UMC and it cannot be compelled to remain in the tort suit." Id. at 491.

In *Bohannon v. Futrell*, supra, the court considered a failure, in certain of the cases involved in the litigation, to serve the UMC within the statute of limitation, and held this failure provided a sufficient basis for the trial court to dismiss the UMC from those portions of the various lawsuits involved. In those cases, however, where the UMCs were served within the four-year statute of limitation applicable to the loss of consortium claims, the UMCs should not have been

dismissed for noncompliance with the notice provisions of OCGA § 33-7-11 (d). The court in *Bohannon* also found that the holding in *Yarbrough* did not demand a different result: "Even if a timely-served UMC is awarded summary judgment on the ground that there is no uninsured motorist involved . . . that UMC has been given OCGA § 33-7-11 (d) notice which would also serve as a basis for permitting the relation back under OCGA § 9-11-15 (c) of a complaint subsequently filed if and when the tortfeasor became an uninsured motorist." *Bohannon*, supra at 343. We therefore find that the plaintiffs in the instant case preserved their rights to reinstate their claim against the UMC if and when the defendant is found to be uninsured or underinsured because they served timely notice of their claim upon their UMC.

As summary judgment was demanded as a matter of law, we affirm the lower court's decision.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 12, 1990.

*Van Gerpen, Shigley & Hoffman, Earl J. Van Gerpen, George L. Parson,* for appellants.

*Downey, Cleveland, Parker & Williams, Y. Kevin Williams, J. Calhoun Harris, Jr.,* for appellee.

