## A96A1553. CHANIN v. THARRINGTON.
(476 SE2d 651)

RUFFIN, Judge.

Audrey Chanin sued Maybell Tharrington for damages arising out of an automobile collision. Chanin also served a copy of the complaint on her uninsured motorist insurance carrier, Progressive Northwestern Insurance Company ("Progressive"), seeking coverage. Progressive moved for summary judgment on the ground that coverage was not available because Tharrington was not "uninsured" under the terms of Chanin's policy. The trial court granted Progressive's motion, and Chanin appeals from that order. For reasons which follow, we affirm.

The facts of this case are not in dispute. At the time of the collision, Tharrington had an insurance policy providing liability coverage with bodily injury limits of $50,000 per person and $100,000 per occurrence. Chanin had uninsured motorist coverage with Progressive. The declaration page of Chanin's Progressive policy, which is the source of this dispute, contains the following language: "UNINSURED/UNDERINSURED MOTORIST — $15,000 EACH PERSON — $30,000 EACH ACCIDENT — UM PROPERTY DAMAGE $10,000 LESS $250 DEDUCTIBLE."

Chanin does not argue that Tharrington is "uninsured." Rather, Chanin contends that Tharrington is "underinsured" because Tharrington's liability could exceed the limits of her liability insurance policy. Chanin argues that the general reference to "uninsured/underinsured" on the declaration page is ambiguous and should be construed to provide coverage to the extent that Tharrington is "underinsured" as she has defined that term. We disagree.

"Under Georgia law in attempting to ascertain the intentions of the parties, insurance contracts are governed by the ordinary rules of construction applicable to other contracts." (Citations and punctuation omitted.) *Southeast Atlantic Cargo &c. v. First State Ins. Co.*, 197 Ga. App. 371, 372 (398 SE2d 264) (1990). Under these rules, "[a]n insurance policy must be construed as a whole, and all of the provisions should be so interpreted so as to harmonize one with the other." (Citations and punctuation omitted.) *Auto-Owners Ins. Co. v. Barnes*, 188 Ga. App. 439, 440-441 (1) (373 SE2d 217) (1988). " '[I]f the lan-

guage is unambiguous and but one reasonable construction is possible, the court will enforce the contract as written. (Cit.)' " Id. at 441.

Chanin's argument in this case ignores the policy provisions defining uninsured motorist coverage. The policy does not separately define "underinsured," but rather includes "underinsured motor vehicle" within the definition of "uninsured motor vehicle." Under this latter provision, Tharrington's vehicle is underinsured, and hence uninsured, only if her "bodily injury and property damage liability insurance with available coverages is less than the limits of [Chanin's] uninsured motorists coverage provided under [Chanin's] motor vehicle insurance policy." Reading the policy as a whole, it is clear that the reference to "uninsured/underinsured motorist" in the declaration did not create separate coverage for underinsured motorists as urged by Chanin, but merely stated the general types of coverage which were later specifically defined in the policy. See id. The declaration page even contained cautionary instructions which informed Chanin that "[c]overages are defined in the policy and are subject to the terms and conditions contained in the policy, including amendments and endorsements."

Accordingly, because Tharrington's liability insurance exceeded the amount of Chanin's uninsured/underinsured motorist policy, Progressive was not required to provide coverage. See *Dewberry v. State Farm Ins. Co.*, 197 Ga. App. 248, 249 (398 SE2d 266) (1990). For this reason, the trial court did not err in granting Progressive's motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 25, 1996.

*Bonner & Jones, G. Larry Bonner, Timothy J. Jones*, for appellant.

*Glover & Blount, Nancy S. Gentry, Miller & Towson, Wallace Miller III*, for appellee.