A97A1506. YOUNG et al. v. MARYLAND CASUALTY COMPANY.
(491 SE2d 839)

BLACKBURN, Judge.

Willene Young and Melvin Young, individually and in their capacities as next friends of Crystal Fondren, appeal the trial court's grant of summary judgment in favor of their uninsured motorist carrier, Maryland Casualty Company (Maryland Casualty). The Youngs contend that they are entitled to uninsured motorist benefits because the vehicle with which they collided was uninsured. Maryland Casualty sought summary judgment on grounds that the vehicle was not uninsured, and the trial court granted this motion. Because the other vehicle involved in the collision was not uninsured, we affirm the trial court's judgment.

1. The Youngs contend that the trial court erred in granting sum-

mary judgment for Maryland Casualty and specifically erred in doing so on the basis that the other car involved in the subject collision was not uninsured. In reviewing this contention, we apply the summary judgment standard set forth in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

The facts show that the accident which forms the basis of this action occurred when a car driven by Willene Young collided with a car driven by Marc Sayer. Willene Young was injured in the collision, as was her minor granddaughter, Crystal Fondren. Marc Sayer died as a result of the collision.

The Youngs thereafter brought suit against Wayne Sayer, Marc Sayer's father. This suit was based upon the family purpose doctrine, as the vehicle which Marc Sayer was driving when the collision occurred was owned by Wayne Sayer. The Sayer vehicle was insured by Georgia Farm Bureau Mutual Insurance Company (Georgia Farm) and had a liability limit of $100,000 per person and $300,000 per accident. The Young vehicle had $100,000 in uninsured motorist liability coverage. Without having served their uninsured motorist carrier, Maryland Casualty, with a copy of this first suit, see OCGA § 33-7-11 (d), the Youngs settled the two claims contained in the suit with Wayne Sayer and Georgia Farm for policy limits of $200,000.

After settling the first suit, the Youngs filed the instant action against the estate of Marc Sayer. This suit was served upon Maryland Casualty in accordance with OCGA § 33-7-11 (d). Contending that it had no liability under the uninsured motorist provisions of the Youngs' policy, Maryland Casualty moved for and received summary judgment. On appeal, the Youngs contend that summary judgment was improper because their settlement with Wayne Sayer and Georgia Farm extinguished the coverage on the Sayer vehicle and rendered it uninsured for purposes of the instant suit. We cannot agree.

"OCGA § 33-7-11 (a) (1) requires an uninsured motorist carrier 'to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an *uninsured motor vehicle.*'" (Emphasis supplied.) *Tinsley v. Worldwide Ins. Co.*, 212 Ga. App. 809 (442 SE2d 877) (1994). Pursuant to OCGA § 33-7-11 (b) (1) (D) (i), an uninsured motor vehicle is a vehicle for which there is "[n]o bodily injury liability insurance and property damage liability insurance." Under subsection (ii) of that Code section, a vehicle is also uninsured if it has "[b]odily injury liability insurance and property damage liability insurance with available coverages which are less than the limits of the uninsured motorist coverage provided under the insured's insurance policy." Clearly, the Sayer vehicle does not fall within either of these categories. The Sayer car had $300,000 in coverage at the time of the collision, $200,000 of which the Youngs received in a settlement. Moreover, as the Sayers' coverage exceeded

the Youngs' uninsured motorist coverage by $200,000, there is no issue of under-insurance. Accordingly, any contention that the Sayer vehicle was uninsured pursuant to either of these subsections is patently without merit.

The Youngs' attempt to rely upon OCGA § 33-7-11 (b) (1) (D) (iii) is also without merit. That Code section provides that a vehicle is uninsured if "[b]odily injury liability insurance and property damage liability insurance [exist] but the insurance company writing the insurance has legally denied coverage under its policy." The Youngs claim that after Georgia Farm paid them $200,000 of the available coverage in the first suit, it legally denied coverage under its policy in this second suit based upon that settlement. This legal denial of coverage, the Youngs contend, renders the Sayer vehicle uninsured for purposes of the second suit, and therefore summary judgment should not have been granted for Maryland Casualty, their uninsured motorist carrier.

Such a construction defies both the meaning and intent of the uninsured motorist statute. It would allow *every* plaintiff who receives policy limits from the liability carrier to then pursue an uninsured motorist claim as the subject vehicle would then be uninsured. The Youngs received policy limits of $200,000 from Georgia Farm in connection with this collision. They cannot now contend they are entitled to uninsured motorist coverage based on Georgia Farm legally denying liability coverage. The reason Georgia Farm denied additional coverage was that it had already paid the policy limits to the Youngs for claims arising from the subject collision. "The purpose of the Uninsured Motorist Statute is to place insureds in the same position they would be in relation to coverage . . . if the tortfeasors causing the injuries had obtained at least the minimum prescribed liability insurance." *American Protection Ins. Co. v. Parker*, 150 Ga. App. 732 (258 SE2d 540) (1979). That purpose has clearly been served in this case.

Our decision in *Knight v. Ga. Farm Bureau Mut. Ins. Co.*, 184 Ga. App. 312 (361 SE2d 190) (1987) does not require a different result. In *Knight*, we held that "because the possibility exists that liability coverage . . . might be exhausted by payment of other claims arising from [an] accident[,] thereby preventing payment of appellants' claim, a legal denial of coverage could result." (Punctuation omitted.) Id. at 313. *Knight*, however, is directed towards cases with multiple claimants, where one or several claimants exhaust the available coverage before other claimants get paid, resulting in a denial of coverage. It does not contemplate the situation which occurred in this case, where the Youngs were the *only* claimants involved and were compensated for their claims in an earlier suit. This is so notwithstanding the fact that the Youngs had multiple claims arising out of

the collision.

Accordingly, the Sayer vehicle is not uninsured under any reading of OCGA § 33-7-11. Under *Lau's Corp.*, supra, the Youngs were required to point to a genuine issue of material fact in order to avoid summary judgment, and this they have failed to do. Therefore, the trial court properly granted summary judgment for Maryland Casualty on this issue.

2. The Youngs maintain that even if the Sayer vehicle is not uninsured, summary judgment for Maryland Casualty was still improper. However, the Youngs fail to argue or cite authority for this contention in their brief, and accordingly have abandoned it. See Court of Appeals Rule 27 (c) (2). This enumeration therefore presents nothing for our consideration.

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 4, 1997 —

*Mills & Chasteen, Ben B. Mills, Jr.*, for appellants.
*Langdale, Vallotton, Linahan & Thelkeld, William P. Langdale III*, for appellee.

