A02A1810. THURMAN v. STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY.
(579 SE2d 746)

ADAMS, Judge.

One way that Georgia uninsured/underinsured motorist (UM) coverage applies is when the tortfeasor's available liability coverage is less than the victim's total available UM coverage — to that extent, the tortfeasor is underinsured. In this case, the tortfeasor's liability coverage exceeded the victim's total UM coverage. But the victim's *recovery* from the tortfeasor's liability coverage was reduced by certain subrogation claims, so that the victim's actual recovery was less than her total UM coverage. The issue before us is whether the victim's UM coverage should cover the difference.

The facts are undisputed. Gail Thurman, a United States postal carrier, was injured after she got out of her postal truck, when she and the truck were struck by a car driven by Mamie Brown; the postal truck was damaged in the amount of $4,445.81. Thurman and her husband sued Brown for damages. Brown had $100,000 total liability and property damage coverage, and the Thurmans claimed total damages in excess of this amount. So, the Thurmans settled with Brown's insurance company for $95,554.19, which constituted the policy limits minus the amount of property damage to the postal service truck, which had already been paid to the postal service.

Meanwhile, prior to filing suit, Thurman had also received payments for her medical expenses and lost wages in the amount of $34,666.32 from the United States Postal Service, under the federal workers' compensation program, and from her group medical insurance carrier, Aetna US Healthcare. The parties making these payments claimed subrogation rights from the proceeds of the settlement with Brown. Taking the subrogation claims into account, the Thurmans stood to recover net proceeds of only $60,887.87 from Brown's liability insurance carrier. When the Thurmans settled with Brown and her carrier, Brown's carrier wrote three checks: one made out to the Thurmans for $60,887.87; and one each made out jointly to Gail Thurman and each of the two subrogation claimants, for a total of $34,666.32.

The Thurmans had uninsured motorist coverage with State Farm Mutual Automobile Insurance Company by virtue of three policies, which stacked to equal $75,000. The Thurmans contend that

Brown is underinsured because this amount exceeds the net proceeds the Thurmans stood to recover under Brown's policy. Consequently, they served State Farm with a copy of the complaint against Brown, seeking to recover UM benefits for the difference, or $14,112.13. State Farm and the Thurmans filed cross-motions for summary judgment on this issue, and the court ruled in favor of State Farm. The Thurmans appealed.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review the evidence de novo and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

The applicable provision of the uninsured motorist coverage statute defines an "[u]ninsured motor vehicle" as one where, although the tortfeasor has liability insurance, the *"available coverages . . . are less than the limits of the uninsured motorist coverage provided under the insured's insurance policy. . . ."* (Emphasis supplied.) OCGA § 33-7-11 (b) (1) (D) (ii). If the "available coverages" of Brown's policy are less than the Thurmans' UM coverage of $75,000, the Thurmans would be entitled to recover the difference, that is, the underinsured amount. Id.

The statute goes on to define "available coverages" as the policy limits "less any amounts by which the maximum amounts payable under such limits of coverage have, by reason of payment of other claims or otherwise, been reduced below the limits of coverage." Id. The question before us is whether the two subrogation payments constitute "payment[s] of other claims or otherwise" that have reduced the "maximum amounts payable under [the] limits of coverage."

We find no law directly on point. But the cases considering the meaning of "payment[s] of other claims" in this setting only take into account claims made against the tortfeasor's insurance by persons suffering damages in the same accident, other than the person seeking to recover uninsured benefits under this provision. See *Young v. Maryland Cas. Co.*, 228 Ga. App. 388, 389-391 (1) (491 SE2d 839) (1997); *Knight v. Ga. Farm &c. Ins. Co.*, 184 Ga. App. 312, 313-314 (1) (361 SE2d 190) (1987) (equating "available coverage" with coverage remaining after claims by other parties suffering damages). See also *Merchant v. Canal Ins. Co.*, 238 Ga. App. 727, 729 (520 SE2d 57) (1999) (" 'available' coverage is construed as only those amounts not already expended in the payment of other claims").

Furthermore, in *Young*, this Court specifically distinguished claims made by the person seeking to recover uninsured benefits from claims made by others damaged in the same accident: it held that "payment[s] of other claims or otherwise" refers to the situation

"where one or several claimants exhaust the available coverage before other claimants get paid." *Young*, 228 Ga. App. at 390 (1).

In the case before us, the Thurmans received payments from Brown's insurance carrier totaling $95,554.19, even though some of the payments were made payable to Gail Thurman jointly with the subrogation claimants. Although the Thurmans may have been required to pay a portion of their recovery to the subrogation claimants, that portion represented money that Gail Thurman had already recovered for her damages. Indeed, the subrogation claimants "stood in Gail Thurman's shoes" with respect to Brown's insurance proceeds. See *Landrum v. State Farm &c. Ins. Co.*, 241 Ga. App. 787, 788 (527 SE2d 637) (2000). The only other party claiming a portion of Brown's insurance for damages suffered in the accident was the postal service for the damage to the postal truck. But that claim only reduced Brown's available coverage to $95,554.19, which the Thurmans recovered and which exceeded their available UM coverage. Accordingly, Brown was not underinsured, and the trial court properly granted summary judgment in favor of State Farm.

*Judgment affirmed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 14, 2003 —
RECONSIDERATION DENIED MARCH 18, 2003 —

*Jerry B. Hatcher*, for appellant.
*McLain & Merritt, William S. Sutton, Ambadas B. Joshi*, for appellee.