A07A1482. PHILLIPS v. GOVERNMENT EMPLOYEES
INSURANCE COMPANY et al.
(654 SE2d 635)

MILLER, Judge.
On March 27, 2005, Amy R. Phillips was severely injured when the SUV she was driving was struck by a truck being driven by Kevin Dion Brown. After Phillips received $450,000 from Brown's motor vehicle liability insurance carrier, she filed a lawsuit against Brown and sought to recover an additional $300,000 under the uninsured motorist provisions of her personal motor vehicle insurance policy, issued by Government Employees Insurance Company ("GEICO"). GEICO filed an answer to Phillips' complaint, asserting that Brown was not the owner or operator of an "uninsured motor vehicle" and seeking a declaratory judgment that its policy provided no coverage for the underlying claim. Both GEICO and Phillips filed motions for summary judgment as to such request for declaratory relief. Following a hearing, the trial court granted the motion for summary judgment filed by GEICO and denied the cross-motion filed by Phillips. Phillips appeals, but we discern no error and affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). "A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the

light most favorable to the nonmovant." (Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the record shows that Phillips was driving her SUV northbound on Interstate 85 in Coweta County when Brown, who was driving southbound, lost control of his truck, crossed the median, and collided with Phillips' SUV. Five separate vehicles were involved in the accident, and numerous personal injury and property damage claims were filed against Brown.

At the time of the collision, Brown was insured under a motor vehicle liability insurance policy issued by Progressive Preferred Insurance Company ("Progressive"). That policy provided liability coverage in the amount of a combined single limit of $750,000 for bodily injury and/or property damage.[1] Progressive paid $450,000 to Phillips in consideration of her execution of a limited release, and it paid the remaining $300,000 available under the policy in settlement and compromise of other claims filed against Brown arising out of the underlying accident.

Also at the time of the collision, Phillips was insured under a motor vehicle insurance policy issued by GEICO (the "GEICO Policy"), which provided her uninsured motorist coverage with a limit of $300,000 for bodily injury or death. Phillips, whose damages exceeded $750,000, sought to recover $300,000 under the GEICO Policy on the theory that her recovery of $450,000 from Progressive had left her underinsured by such amount. GEICO denied coverage, and this litigation followed.

Phillips claims that the trial court erred in granting summary judgment to GEICO because both the GEICO Policy and the Georgia Insurance Code provide that she should be able to recover as a result of what she claims was a denial of coverage by Progressive. We disagree.

As a general rule, an insured may recover under the uninsured motorist provisions of his or her policy for damages sustained in an accident caused by an uninsured motorist. OCGA § 33-7-11 (b) (1) (D) provides that a motor vehicle is uninsured if bodily injury and property damage liability insurance exists, "but the insurance company writing the insurance has legally denied coverage under its policy." OCGA § 33-7-11 (b) (1) (D) (iii). In accordance with this statute, the GEICO Policy defines an "uninsured auto" as including a vehicle "whose insurer denies coverage."[2]

---

[1] This amount represented the total limits of liability under the Progressive policy, regardless of the number or amount of claims made against Brown.

[2] While Phillips' sole enumeration of error is based on OCGA § 33-7-11 (b) (1) (D) (iii), we note that both OCGA § 33-7-11 (b) (1) (D) (ii) and the GEICO Policy alternatively provide that a vehicle is "uninsured" where the total available liability coverage is *less than* the limits of the

While Phillips sustained damages in excess of $750,000, Progressive paid her only $450,000 because its policy limits had been otherwise exhausted by the payment of valid claims. Thus, Phillips argues that Progressive denied coverage of her claim to the extent it exceeded $450,000. In support of this assertion, Phillips cites to *Knight v. Ga. Farm &c. Ins. Co.*, 184 Ga. App. 312, 314 (1) (361 SE2d 190) (1987), in which this Court held that "as a matter of law, denial of coverage by a liability insurance carrier resulting from exhaustion of the available coverage by payment of other valid claims constitutes a 'legal denial of coverage' under OCGA § 33-7-11 (b) (1) (D) (iii)."

While *Knight* contemplated a situation in which a claimant was denied *any* payment as a result of payments to others, this Court has refused to apply it to a case where the claimant was responsible for the exhaustion of the policy. See *Young v. Maryland Cas. Co.*, 228 Ga. App. 388, 390 (1) (491 SE2d 839) (1997) (limiting *Knight* to cases "where one or several claimants exhaust the available coverage before other claimants get paid"). A claim is not considered "denied" where a policy has been exhausted as a result of a payment made to the plaintiff, because "[s]uch a construction defies both the meaning and intent of the uninsured motorist statute. It would allow *every* plaintiff who receives policy limits from the liability carrier to then pursue an uninsured motorist claim as the subject vehicle would then be uninsured." *Young*, supra, 228 Ga. App. at 390 (1).[3]

In light of the foregoing, we hold that because the exhaustion of the Progressive policy limits resulted in part from the $450,000 payment to Phillips, its failure to compensate her further was not a "legal denial of coverage" under OCGA § 33-7-11 (b) (1) (D) (iii). As a result, the trial court did not err in granting summary judgment to GEICO as Phillips' uninsured motorist carrier.

*Judgment affirmed. Smith, P. J., concurs. Barnes, C. J., concurs specially.*

---

uninsured motorist coverage. Here, the available liability coverage under the Progressive policy was *greater than* the $300,000 limit provided in the GEICO Policy. As a result, Phillips is also not entitled to uninsured motorist coverage based solely on such provisions. See, e.g., *Chanin v. Tharrington*, 222 Ga. App. 890, 891 (476 SE2d 651) (1996) ("[B]ecause Tharrington's liability insurance exceeded the amount of Chanin's uninsured/underinsured motorist policy, [the uninsured motorist carrier] was not required to provide coverage.") (citation omitted).

[3] We note that even where a claim is not considered "denied" under OCGA § 33-7-11 (b) (1) (D) (iii), a subject vehicle may still be found to be "uninsured" under the alternative scenarios listed in OCGA § 33-7-11 (b) (1) (D). For example, where a liability insurance policy has been exhausted as a result of payments made to a plaintiff and others, and the plaintiff's payment is less than the limits of the uninsured motorist coverage, the plaintiff may be able to pursue his or her claim under OCGA § 33-7-11 (b) (1) (D) (ii). As previously noted, however, collection under such a theory is unavailable to Phillips because the payment made to her by Progressive was greater than the amount of her uninsured motorist coverage.

BARNES, Chief Judge, concurring specially.

I concur specially to emphasize that so long as the available liability coverage is greater than her available uninsured motorist coverage, Phillips cannot recover under her uninsured motorist coverage, regardless of whether and to what extent the other vehicle may be found uninsured under the alternative scenarios listed in OCGA § 33-7-11 (b) (1) (D).

DECIDED NOVEMBER 20, 2007 — 

*Daniel, Hadden & Alford, Ajalon E. Daniel III, Peter T. Alford,* for appellant.
*Miller, Cowart & Howe, Wallace Miller III,* for appellees.