## A97A0671. MATJOULIS v. INTEGON GENERAL INSURANCE CORPORATION et al.

### (486 SE2d 684)

JOHNSON, Judge.

Terry Matjoulis had a car insurance policy with Integon General Insurance Corporation which included collision damage coverage. When Matjoulis left her car at a garage for service, the garage rented a Toyota Camry for her to use. Matjoulis totaled the Camry in a one-car accident. Integon refused to pay for the Camry, claiming Matjoulis' policy provided only liability coverage, not collision damage coverage, for "temporary substitute" vehicles. Integon also refused to defend Matjoulis when she was sued by the rental company that owned the Camry. Matjoulis then filed this action against Integon, seeking a declaratory judgment that it was obligated both to pay for the Camry and to defend the action against her. The trial court denied Matjoulis' motion for summary judgment and granted Integon's cross-motion for summary judgment. Matjoulis appeals. For the reasons set out below, we affirm.

1. Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Rice v. Huff*, 221 Ga. App. 592, 593 (472 SE2d 140) (1996).

2. Matjoulis claims the language of the policy provides collision damage coverage for the Camry. Construction of a contract is generally a matter of law for the court, unless the contract contains an ambiguity that cannot be resolved under the rules of construction. *Duke v. KHD Deutz of America Corp.*, 221 Ga. App. 452, 453 (471 SE2d 537) (1996); see OCGA § 13-2-1. A coverage exclusion in an insurance policy must be clearly defined to be enforceable, and any ambiguity is to be construed against the insurer. *Lumbermens Mut. Cas. Co. v. Plantation Pipeline Co.*, 214 Ga. App. 23, 28-29 (2) (447 SE2d 89) (1994). So long as the policy does not violate the law, however, an insurer may insure against certain risks and exclude others. *American Home Assur. Co. v. Smith*, 218 Ga. App. 536, 538 (1) (462 SE2d 441) (1995).

The policy states: " 'Your covered auto' means . . . 4. Any auto or trailer not owned by you while used as a temporary substitute for any other auto described in this definition which is out of normal use because of its (a) breakdown; (b) repair; (c) servicing; (d) loss; or (e) destruction. *This provision 4. does not apply to* Part D — Coverage for Damage to Your Auto [the collision damage portion of the policy]." (Emphasis supplied.) This language clearly excludes the Camry from

collision damage coverage.

Matjoulis contends, however, that the "acquired auto" portion of the policy provides such coverage, or at least creates ambiguity regarding whether such coverage exists. We do not agree. The "acquired auto" provision of the policy states that if the insured acquires a vehicle, then on the date the insured *becomes the owner* the acquired vehicle will have the same coverage as the vehicle it replaced, or the broadest coverage provided for any vehicle shown in the declarations, if the insured asks Integon to insure it within 30 days after the insured *becomes the owner*. Because the "acquired vehicle" language includes these two references to the policyholder's owning the acquired vehicle, and because the "temporary substitute" vehicle clause clearly describes the situation in which Matjoulis drove the rented Camry, the trial court was correct in finding that the policy unambiguously excludes collision damage coverage for the Camry. Any other reading would render the "temporary substitute" language meaningless, in violation of the principle that a contract should be construed, if possible, so as to give meaning to all its terms. See *Harris County v. Penton*, 211 Ga. App. 498, 499 (1) (439 SE2d 729) (1993).

3. Matjoulis contends even if the policy language does not provide collision coverage for the Camry, such coverage is mandated by OCGA § 33-34-3. Matjoulis does not specify which subsection of the statute she relies upon. Nevertheless, we have read the entire statute and do not find it to be applicable to the facts of this case. Matjoulis' statutory argument therefore fails.

4. Finally, Matjoulis contends that even absent a contractual or statutory right to coverage for the rental car, she has a right to such coverage based on public policy against exposing insureds to unanticipated liability. See generally *Stepho v. Allstate Ins. Co.*, 259 Ga. 475, 476 (1) (383 SE2d 887) (1989). Matjoulis argues that the law should impose such coverage because she chose full coverage for her own vehicle, and was not given the option of electing full coverage for temporary substitutes.

We do not agree with Matjoulis' analysis. Public policy does not even require collision coverage for the insured's own vehicle. See generally *Barfield v. Allstate Ins. Co.*, 172 Ga. App. 882, 884 (2) (324 SE2d 731) (1984). Matjoulis has shown no basis for holding that public policy requires more for temporary substitutes.

*Stepho*, supra, is distinguishable. It holds public policy does not allow a *third party* who suffers *bodily injury* to go unprotected under the insured's policy when intrafamily immunity does not demand such a result. Id. at 475-477. *Stepho* therefore does not control the situation before us, which involves purely economic injury to one of the parties to the contract.

Because there are no genuine issues of material fact and Integon is entitled to judgment as a matter of law, the trial court did not err in denying Matjoulis' motion for summary judgment and granting summary judgment to Integon.

.*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MAY 14, 1997 — ▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Before Judge Wyatt Cummings Moore.

*Cofer, Beauchamp, Stradley & Hicks, Frank R. Seigel*, for appellant.

*Smith, Howard & Ajax, James T. Brieske*, for appellees.