## A99A0936. SOUTHWESTERN COMPOSITE TECHNOLOGY CORPORATION v. AMERICUS-SUMTER PAYROLL DEVELOPMENT AUTHORITY.
(521 SE2d 378)

PHIPPS, Judge.

Americus-Sumter Payroll Development Authority brought this action against Southwestern Composite Technology Corporation for nonpayment of rent and other sums due under a lease.

In June 1993, Southwestern leased a building and surrounding acreage from the development authority for the purpose of operating an aerospace equipment manufacturing company. The term of the lease began in August 1993, rent payments were to commence in

December 1995, and the scheduled termination date is in November 2013. Before rent was due, the tenant's business became defunct, and it abandoned the premises without making any rental payments. Because of the default, the landlord exercised its right to reenter the premises in April 1996 and began to sublease the property to Lockheed Martin while opting not to terminate the lease. Pursuant to the lease, the landlord applied rent payments received from Lockheed to reduce the tenant's indebtedness for rent while advising the tenant that it might make repairs to the premises for which the tenant would be liable.

In May 1996, the landlord notified the tenant that it had been required to pay for emergency repairs to the roof on the building as a result of a storm, that it had received $158,000 and $127,000 bids to put a new roof on the building, that it was accepting the lower bid, and that replacement of the roof was necessary because the landlord had been advised that the original roof was only a temporary roof and was continuing to leak.

The landlord brought this suit to recover lease payments due and owing after rent paid by the sub-lessee had been credited to the tenant's account and for monies expended by the landlord in repairing and replacing the roof and in making insurance payments which were the responsibility of the tenant. Although the landlord had notified the tenant that it had accepted a bid of $127,000 to replace the roof, the landlord sought to recover $138,975 for this expense. The trial court granted the landlord's motion for summary judgment for all sums requested, in the total amount of $359,454.27. *Held*:

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

1. The tenant first contends that there is a material issue of fact on the question of whether it is liable for rent accruing during the period the premises were damaged by storm.

The tenant relies on a section of the parties' lease, providing for an abatement of rent if damage to or destruction of the premises by casualties such as storms interferes with the tenant's use of the premises. But here, the sub-lessee Lockheed was in sole possession of the premises, and the landlord submitted uncontroverted evidence

showing that there was no interruption in Lockheed's use of the premises. Consequently, there is no triable issue in this regard.

2. The tenant contends that the court erred in granting summary judgment to the landlord for $138,975 in replacing the roof, in that (1) the landlord gave notice that the cost of replacement would be $127,000; and (2) at the inception of the lease, the tenant's understanding was that there was a permanent roof on the building. We agree that there are material issues of fact and/or law on the question of the tenant's liability for the amount of this expense.

Although the lease by its terms does obligate the tenant to defray the cost of repairs made by the landlord upon reentering the premises in the event of the tenant's default without imposing any express requirement that such costs be reasonable, every contract imposes upon each party a duty of good faith and fair dealing in the performance of their respective duties and obligations. *Phillips v. Key Svcs.*, 235 Ga. App. 564, 566-567 (510 SE2d 304) (1998). Here, the tenant has raised the issue of whether the landlord complied with its duty in these regards by paying over $10,000 more for replacing the roof than it had indicated would be necessary, and the landlord has not sought to explain the discrepancy.

In addition, the provisions of the lease are ambiguous on the question of whether the landlord or tenant is obligated to replace a temporary roof damaged by storm with a permanent roof. Under the lease, the tenant did accept the buildings and improvements in their existing condition without any express or implied warranties other than those provided for in the lease. And the lease does obligate the tenant, at its own cost and expense, to maintain, repair, and replace buildings and improvements (ordinary wear and tear excepted). But the lease is silent as to whether the tenant is required to make improvements to the premises necessitated by the fact that a permanent roof had not been erected on the building. Moreover, one of the provisions of the lease can be interpreted as requiring the landlord to repair damages caused by casualties such as storms or terminate the lease.

For these reasons, the landlord was not entitled to summary judgment on its claim for recovery of $138,975 in replacing the roof, and the grant of total summary judgment to the landlord must be reversed.

*Judgment reversed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JULY 28, 1999.

*William M. Calhoun, Jr.*, for appellant.
*Michael A. Fennessy*, for appellee.