A01A2375. KAY et al. v. DAVIS et al.
(560 SE2d 761)

BLACKBURN, Chief Judge.

In this case regarding the alleged failure to impose the requirements of a zoning ordinance, Dwight and Nancy Kay appeal the trial court's grant of summary judgment to the Mayor and City Council of Blue Ridge (collectively referred to herein as the "City") contending that the trial court erred by finding that: (1) the Kays had no standing to bring suit; (2) the Kays' ante litem notice was insufficient; and (3) the City was not responsible for a continuing nuisance created by the City's failure to require a 15-foot buffer zone between the Kays' property and the property of certain adjoining landowners. Because, under the facts of this case, no 15-foot buffer zone is required by the applicable ordinance, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Viewed in this light, the record shows that Bobby Davis and William J. Holt are the owners of approximately sixteen acres of land, six acres of which lie within the City of Blue Ridge and are adjacent to the Kays' home.[2] While the Kays' property is located on the side of a mountain lot, the Davis and Holt property is located in the valley below. Both the Kays' property and the adjacent six acres held by Davis and Holt are zoned "R-A," for residential or agricultural use.

In July 1999, Davis and Holt began grading their property, which the Kays contend was intended to facilitate the use of the land for improper commercial purposes.[3] The Kays maintain that, during this grading process, their home was damaged and foliage was destroyed. For example, although the Kays' home was not originally visible from the highway, it became visible after the grading began. In addition, the Kays contend that, contrary to the zoning ordinances of the City of Blue Ridge, Davis and Holt failed to establish a 15-foot buffer zone between their alleged commercial property and the Kays' residential property.[4]

In early September 1999, Bill Sowers, the city clerk of Blue Ridge, was notified by a staff planner for the City about the grading that was taking place on the Davis and Holt property. Thereafter, Sowers, along with the mayor and the City's building inspector, traveled to the site and advised Davis and Holt that they would need a grading permit to continue their work within City limits.[5] When Sowers asked why the property was being graded, Davis and Holt responded that they intended to build apartments on the lot. Sowers then informed Davis and Holt that apartments would not be permitted on the property because the highest density allowed in a plot zoned R-A would be duplexes. At that time, Davis and Holt indicated that they would build duplexes on the property pursuant to the zoning limitations, although they intended to apply for rezoning for commercial use. Sowers then informed Davis and Holt that, if they were ultimately successful in getting the property rezoned for commercial use, they would have to maintain a 15-foot buffer between the commercial area and the adjoining residential area, as required by City zoning ordinances.

---

[2] The remaining ten acres of the Davis and Holt property lie within unincorporated Fannin County and are not at issue herein.

[3] The Kays allege that the property was intended to be used for an automobile showroom, a strip mall, or a Home Depot store.

[4] Article IX, Section E of the zoning ordinances for the City of Blue Ridge provides: Where a "C-2" commercial district abuts any "R" residential district or where a commercial use adjoins a conforming residential use or property, the owner of the commercial property shall provide a buffer area of at least 15 feet in depth as provided in Article XII, Section A along the abutting side and/or rear property line.

[5] Davis and Holt had previously obtained a grading permit in Fannin County on August 9, 1999.

On September 3, 1999, in response to a request by Davis and Holt, the City granted a permit to grade the property under development for residential use only. On September 9, 1999, Davis and Holt filed an application with the City to have the zoning of their property changed from residential to commercial, and, on October 8, 1999, the Kays sent an ante litem notice to the City in which they demanded that "the Mayor and Council of the City of Blue Ridge . . . enforce the zoning ordinance of the City of Blue Ridge and . . . take whatever steps might be necessary to replace the fifteen (15) foot buffer area called for by the zoning ordinance of the City of Blue Ridge or to pay damages in the amount of $250,000."

Then, on October 19, 1999, the planning commission for the City recommended denial of the rezoning application submitted by Davis and Holt. On November 9, 1999, the mayor and city council voted to deny the application; however, ten days later the mayor changed his mind and decided to veto the denial. Following this veto, the city council discovered that rezoning of the property to a commercial use would require major amendments to the Future Land Use Plan employed by the City of Blue Ridge, and it voted not to undertake any such amendments. As a result, the rezoning application was effectively denied, and the property remains residential. Davis and Holt have made no further applications for rezoning, and at no time has the property been used for commercial uses.

Throughout this litigation, whether in terms of general damages, punitive damages, or public nuisance, the claim brought by the Kays against the City has been that the City failed to require Davis and Holt to provide them with a 15-foot buffer zone required by the commercial zoning ordinance. Pretermitting the issue of the Kays' standing and the sufficiency of their ante litem notice, there is no evidence that the City has acted in such a way to deprive them of a 15-foot buffer pursuant to the zoning ordinance. All of the Kays' claims are premised on the argument that, *prior* to the grading of the property owned by Davis and Holt, the City was required to rezone it as commercial and enforce the development of a 15-foot buffer zone. The problem with the Kays' claims, however, is that the property adjacent to them has never been used commercially, and, indeed, when Davis and Holt applied to use the property commercially, their request was ultimately ineffectual. In addition, prior to applying for rezoning, Davis and Holt informed the City that they would construct duplexes on the property in accordance with the residential zoning already in place.

Therefore, at all times during the development of this litigation, the adjoining property to the Kays' home has remained a residential property, and, pursuant to the ordinance of the City, no 15-foot buffer

is required between two residential lots.[6] See Article V of the City of Blue Ridge zoning ordinances. As such, although the Kays may have some recourse against Davis and Holt for improper grading and resulting damage to their home, they cannot hold the City liable for not enforcing the maintenance of a 15-foot buffer zone it simply did not have to provide.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 21, 2002.

*Ray & McKinney, Robert M. Ray, Jr.,* for appellants.
*Holland & Knight, Sara L. Doyle, Laurel E. Henderson,* for appellees.

---

[6] A buffer zone may be required if one of the lots is being used as a campground, but that is not the case here.