A02A1319. WADDELL v. BHAT.
(571 SE2d 565)

BLACKBURN, Chief Judge.

In this case involving an action for wrongful disclosure of confidential HIV information, plaintiff below Spencer Waddell, a dental hygienist, appeals the trial court's grant of summary judgment in favor of defendant, Dr. Subrahmanya Bhat. Waddell contends that the trial court erred in summarily ruling that Dr. Bhat's disclosure of Waddell's HIV status to the dentist who both employed Waddell and provided dental care to him was not actionable.

Waddell had filed a separate civil action under the Americans with Disabilities Act (ADA) and the Rehabilitation Act against his employer, in the United States District Court for the Northern District of Georgia, after the employer had refused to allow him to continue treating patients due to his HIV-positive status. The trial court granted summary judgment to the defendant, and the ruling was affirmed by the United States Court of Appeals, Eleventh Circuit. See *Waddell v. Valley Forge Dental Assoc.*,[1] wherein the court held that the hygienist's HIV-positive status posed a significant risk to the health of patients that could not be eliminated by reasonable accommodation, and thus plaintiff was not a qualified individual within the meaning of the ADA and the Rehabilitation Act. For the reasons set forth below, we affirm the trial court's grant of summary judgment in the present case.

1. This case of first impression requires this Court to interpret OCGA § 24-9-47, the act by which the legislature has attempted to maintain the precarious balance between the privacy rights of those individuals who have tested positive for HIV and the rights and privileges of health care professionals who provide treatment to them and affected patients. The legislature clearly intended to protect the rights of HIV-infected individuals to keep their medical records confidential, thereby shielding them from inappropriate discrimination precipitated by any societal stigma attached to their malady. On the other hand, it is equally clear that the legislature sought to preserve the safety of those health care providers who give care to HIV-infected individuals and their affected patients, using caution not to elevate the privacy rights of HIV-positive individuals to such a point that the physical well-being of their health care providers and their patients is jeopardized.

In drafting OCGA § 24-9-47, which sets forth the parameters for disclosure of HIV confidential information, our legislature has explicitly set forth the mechanism to accomplish its expressed intentions. OCGA § 24-9-47 (i) provides:

> Any health care provider authorized to order an HIV test may disclose AIDS confidential information regarding a patient thereof if that disclosure is made to a health care provider or health care facility which has provided, is providing, or will provide any health care service to that patient and as a result of such provision of service that health care provider or facility: (1) [h]as personnel or patients who may be persons at risk of being infected with HIV by that patient,

---

[1] *Waddell v. Valley Forge Dental Assoc.*, 276 F3d 1275 (11th Cir. 2001).

if that patient is an HIV infected person and such disclosure is reasonably necessary to protect any such personnel or patients from that risk; or (2) [h]as a legitimate need for that information in order to provide that health care service to that patient.

2. The standard of review of the trial court's grant of summary judgment to the defendants in this case is well established.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[2]

Viewed in this light, the record shows that Waddell graduated from college with a degree in dental hygienics. He was employed in a variety of jobs, including food service for several years. After donating blood in 1988, Waddell learned from the American Red Cross that he was HIV-positive. In 1993, after becoming aware of his HIV status, Waddell began working as a dental hygienist for the first time. Although Waddell knew that he was HIV-positive in 1988, he never disclosed this fact to any of his employers, patients, or health care providers.

Waddell underwent several invasive surgical procedures while HIV-positive, including an appendectomy, without disclosing this fact to those health care providers who were at risk while treating him. By late 1996, Waddell was working for a dental clinic owned by Valley Forge Dental Associates, Inc. Dr. Eugene Witkin, who was Waddell's immediate employer and in charge of the clinic, occasionally provided Waddell with free dental care as a perk of his employment. Before receiving this care, Waddell filled out a new patient questionnaire. On this form, Waddell indicated that he had taken an HIV test and that the results of that test were negative. Waddell claims that he purposefully lied on this form because he was skeptical of Valley Forge's confidentiality safeguards.

On September 19, 1997, three days after having his teeth cleaned by a dentist affiliated with Dr. Witkin at the Valley Forge clinic, Waddell visited Dr. Bhat to ask him to look at a sore throat. While there, Waddell agreed to an HIV test and signed a consent

---

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

form which stated: "I consent to the facility's release of the results of these blood tests to those health care practitioners responsible for my care and treatment or as may otherwise be in accordance with applicable law. I consent to the placement of these test results in my [medical] record."

Several days later, Waddell returned to Dr. Bhat's office, and Dr. Bhat informed him that his test results were positive. From Waddell's calm reaction, Dr. Bhat surmised that Waddell was already aware of his HIV status. Dr. Bhat then told Waddell that he had a "moral and ethical obligation to inform [his] employer," and Dr. Bhat asked Waddell for Dr. Witkin's name and phone number. Waddell responded by telling Dr. Bhat that there had "been no exposure problems at work" and that he did not believe that disclosure was "necessary." Dr. Bhat repeated his request for Dr. Witkin's information and restated his belief that disclosure was morally and ethically required. Then, Waddell gave Dr. Bhat the requested information because he felt like he was "in a corner" and he "wanted to get out of there."

Shortly after Waddell left his office, Dr. Bhat phoned Dr. Witkin and informed him about Waddell's test results. Dr. Bhat testified that he phoned Dr. Witkin for two reasons: (1) "to protect the dentist with the health care provider" and (2) "[to protect] the patients of the practice." Dr. Bhat took issue with Waddell's decision to work on patients and allow doctors to work on him without revealing his HIV status.

After receiving the phone call from Dr. Bhat, Dr. Witkin decided to place Waddell on temporary paid leave while he and Valley Forge determined how to handle the situation. Ultimately, Waddell was offered a position as a receptionist. When Waddell refused this position, he was terminated. Subsequently, Waddell sued Valley Forge under the ADA.

In the ADA case, the Eleventh Circuit Court of Appeals addressed the possibility that Waddell might infect others:

> Even though Waddell and his experts downplay the procedures Waddell had to perform as a dental hygienist and argue that these procedures are not exposure-prone, . . . [t]he uncontroverted evidence establishes that dental cleaning procedures involve the use of sharp objects. In his deposition, Waddell noted that a normal teeth cleaning entailed the performance of "scaling" and "root planing" on the patient. . . . The unrebutted evidence also shows that during routine procedures like scaling and root planing, blood of the patient is commonly present. . . . The combination of sharp instruments used by the hygienist and a patient's blood commonly being present indicate that the hygienist could cut or prick himself with such an instrument, pierce

the skin of his protective glove, and transfer his blood into the patient's mouth, where it would come into contact with an oral cut or abrasion. In fact, the uncontroverted evidence establishes that a dental worker sometimes does stick or cut himself or herself during treatment.

*Waddell*, supra at 1282.

Based on these findings, the Eleventh Circuit held:

Waddell has argued that the district court erred in denying his motion for summary judgment on his claims under the ADA and the Rehabilitation Act and in granting Valley Forge's summary judgment motion. We have decided that the district court was correct in finding that there was no genuine issue of material fact and that Valley Forge was entitled to judgment as a matter of law on the issue of whether Waddell was a qualified individual. Waddell never controverted the fact that if a certain event occurred — a cut or abrasion to the finger of Waddell while performing dental procedures in a patient's mouth caused by a sharp instrument, an inadvertent bite, or some other accident — there was a specific, theoretically sound possibility of transmission. Because there was such a possibility of transmission, the risk involved . . . was significant due to the fatal nature of HIV.

*Waddell*, supra at 1284. Waddell testified in the present case that, but for the present lawsuit, he would *never* have disclosed this information.

In the present action, Waddell contends that Dr. Bhat violated his right of privacy by divulging his HIV status to Dr. Witkin. We cannot agree. As stated previously, disclosure of confidential HIV information has been statutorily addressed by our legislature in OCGA § 24-9-47 (i). In this case, it is undisputed that Dr. Bhat is a health care provider authorized to order an HIV test. OCGA § 31-22-9.1 (a) (9). It is also undisputed that Dr. Witkin and the Valley Forge dental clinic are health care providers who have provided and likely would provide Waddell with health care in the future. OCGA § 31-22-9.1 (a) (8). The evidence also makes it clear that both dentists and patients at the Valley Forge clinic were at risk of being infected with HIV by Waddell. OCGA § 31-22-9.1 (a) (20).

Waddell's own expert acknowledges this risk. And, in light of Waddell's dogged refusal to inform any of his doctors or patients of his HIV status, Dr. Bhat's disclosure to Dr. Witkin was more than reasonably necessary to protect Valley Forge personnel and patients

from the risk to which Waddell exposed them. As such, the disclosure made by Dr. Bhat is the type of disclosure OCGA § 24-9-47 (i) explicitly allows, and the trial court did not err in granting summary judgment to Dr. Bhat.

Waddell's arguments regarding his lack of an explicit consent to the disclosure do not change the result here. To the contrary, such contentions merely obfuscate the statutory framework underlying the issue now before this Court. OCGA § 24-9-47 (i) mandates that, under the facts of this case, the rights of Waddell's health care providers to know Waddell's HIV status before being exposed to the risk of a fatal disease take precedence over Waddell's right of privacy to conceal his infection with that fatal disease.

In this case, Waddell ignores the statutory balance altogether. He admits the risk that he may transmit HIV to his doctors or his patients. He admits that, should such transmission occur, his doctors or patients could die. He admits that he has concealed and lied about his HIV status since 1988. It is undisputed that health care providers who are providing dental services or invasive procedures to HIV-infected individuals need to know of such condition for their own protection and that of their staff. Waddell admits that he has failed to provide such information to surgeons, dentists, and physicians who have treated him and has lied to them about being HIV infected.

Nevertheless, Waddell argues that his right of confidentiality in this matter outweighs the statutory right of Dr. Bhat to disclose his condition to another treating health care provider for the protection of its employees and their affected patients. Waddell does not address the fact that, armed with such knowledge, the health care provider is better able to ensure that proper safeguards are maintained in his treatment.

In this case, the health care provider which employs Waddell also has a duty to its patients that Waddell treats. These affected patients have the right to make an informed decision about being treated by him, given the undisputed risk of a potentially fatal exposure to an HIV infection. If we accept that health care providers are entitled to know if their patients are HIV-positive, how can an affected patient be denied the same knowledge about their treating health care provider? How else could they make an informed consent to risk such potentially fatal exposure for themselves or their children?

Applying OCGA § 24-9-47 to the facts of this case, it is clear that Dr. Bhat was authorized to disclose Waddell's HIV infection to his health care provider, Valley Forge. Under the unique facts of this case, Waddell was an employee of Valley Forge and provided dental hygiene services to its patients. Given the potentially fatal nature of Waddell's HIV infection, disclosure of such condition to Valley Forge

was also authorized so that it could meet its duties to its affected patients. In balancing the intention of the legislature as to the rights of the parties based on the plain, straightforward provisions of OCGA § 24-9-47, disclosure was authorized under the facts of this case. We therefore affirm the trial court's grant of summary judgment to Dr. Bhat.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 24, 2002.

*Milton D. Rowan*, for appellant.

*Owen, Gleaton, Egan, Jones & Sweeney, Rolfe M. Martin*, for appellee.