A03A0450. ANDERSON v. ASTRO EXTERMINATING SERVICES, INC.
(577 SE2d 67)

BLACKBURN, Presiding Judge.

In this case regarding a settlement and release for certain termite damage, Drue Anderson appeals the trial court's grant of summary judgment to Astro Exterminating Services, Inc., contending that questions of fact remain whether Astro should be held responsible for damages occurring to the home after the signing of the settlement. For the reasons set forth below, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

Viewed in this light, the record shows that Astro treated Anderson's home for termites in May 1990. Thereafter, Anderson's home sustained serious termite damage, and on January 7, 1994, Anderson, Astro, and Zurich-American Insurance Company, Astro's insurer, entered into a settlement agreement regarding the damages. In relevant part, the settlement agreement provides:

For and in consideration of payment to me/us the sum of . . . $20,000.00 . . . , I/we . . . have released and discharged . . . Astro Exterminating and Zurich-American Insurance Company . . . from any and all actions . . . in any way growing out of . . . damage resulting or to result from an occurrence . . . that happened . . . [at Anderson's home]. . . . It is understood Zurich-American Insurance Company agrees $14,700.00 of the settlement was allotted

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

to repair the residence of . . . Anderson. Should additional repairs to the residence be needed as a result of the termite damage in question, *Zurich-American Insurance Company agrees to pay the reasonable cost of those repairs to . . . Anderson.*

(Emphasis supplied.)

On January 6, 2000, Anderson filed suit against both Astro and Zurich-American seeking compensation for additional repairs needed as a result of the termite damage. Based on the unambiguous language of the settlement agreement, Astro filed a motion for judgment on the pleadings, and the trial court treated the motion as one for summary judgment and granted it.

The trial court's action was proper. The contract in this case clearly and unambiguously states that Zurich-American, not Astro, agreed to pay the reasonable cost of any additional repairs needed. And, although Anderson attempts to imbue the language of the settlement agreement with ambiguity, his attempt is futile. "When the language of an agreement is plain and unambiguous, the court must afford its literal meaning, despite a party's contention that he understood the contract to mean something else." *Sofran Peachtree City v. Peachtree City Holdings*.[2]

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED JANUARY 29, 2003.

*J. Hugh Gordon*, for appellant.

*Kasowitz, Benson, Torres & Friedman, Thomas G. Tidwell, Reinhardt, Whitley, Wilmot & Summerlin, Robert C. Wilmot*, for appellee.

---

[2] *Sofran Peachtree City v. Peachtree City Holdings*, 250 Ga. App. 46, 50 (550 SE2d 429) (2001).