A03A2293. DUKE et al. v. BACHNER.
(596 SE2d 414)

MILLER, Judge.
When her leg nerve surgery was not successful, Hazel Duke and her husband sued several physicians, including Dr. Robert Bachner. Plaintiffs claimed that Dr. Bachner committed medical malpractice and battery in that he allegedly did not obtain Duke's consent for Dr. Bachner to assist in the surgery. Dr. Bachner moved for summary judgment, arguing that as the assisting physician he was not required to obtain that consent. The trial court entered summary judgment in favor of Dr. Bachner, and plaintiffs appeal. We hold that inasmuch as OCGA § 31-9-6.1 (c) squarely places the responsibility for obtaining consent on the physician performing or supervising the

surgical procedure (not his assistants), Dr. Bachner is not liable for the torts alleged by plaintiffs. Accordingly, we affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c)." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant. Id.

So construed, the evidence shows that following a right knee replacement performed by Dr. Richin, Duke experienced continuing pain in her right leg. Dr. Richin referred her to Dr. Lincenberg, a specialist in the area of leg nerve damage. Duke orally consented to Dr. Lincenberg performing exploratory peroneal nerve surgery in her right leg, with Dr. Richin assisting. The likelihood of success was unknown. The written consent did not reference the identity of the physician or physicians performing the surgery, stating simply that Duke consented to "diagnostic studies, tests, anesthesia, x-ray examinations, and any other treatment or courses of treatment relating to" the surgery.

On the day of surgery, no physician consulted with Duke prior to her being placed under general anesthesia. When Dr. Lincenberg arrived, Dr. Richin had already begun performing the surgery with the assistance of Dr. Bachner. They assured Dr. Lincenberg that they could complete the procedure, and Dr. Lincenberg left. In the recovery room, Duke was surprised to learn that Dr. Richin (assisted by Dr. Bachner) had performed the surgery. When she continued to experience pain in her leg, she and her husband sued all three physicians and their employers, alleging that the failure to obtain her consent for Dr. Richin or Dr. Bachner to perform the surgery constituted medical malpractice and battery.

Dr. Bachner moved for summary judgment, arguing that he was not responsible for obtaining consent from Duke. He testified that he had never spoken with Duke, that he had no physician-client relationship with her, and that his only role in the surgery was to use retractors to hold her leg open while Dr. Richin performed the surgery. He further testified that he exercised the requisite degree of skill and care in his role and actions as assisting physician during the surgery. The only negligence raised by Duke's evidence and brief was Dr. Bachner's alleged failure to obtain Duke's consent for him to assist in the procedure, which was also the basis for her battery claim. The trial court granted the motion, which Duke and her husband now appeal.

OCGA § 31-9-6.1 addresses the procedure for obtaining consent to surgical procedures. OCGA § 31-9-6.1 (a) sets forth those matters of which the patient is to be informed before consent is obtained.

OCGA § 31-9-6.1 (c) squarely places the responsibility for obtaining the consent on the shoulders of the "responsible physician," who is defined in OCGA § 31-9-6.1 (h) as "the physician who performs the procedure or the physician under whose direct orders the procedure is performed by a nonphysician." Such consent "shall be deemed to be valid consent for the responsible physician and all medical personnel under the direct supervision and control of the responsible physician in the performance of such surgical or diagnostic procedure and for all other medical personnel otherwise involved in the course of treatment of the patient's condition." OCGA § 31-9-6.1 (f); see *Cardio TVP Surgical Assoc. v. Gillis*, 272 Ga. 404, 406-408 (2) (528 SE2d 785) (2000).

Under this statute, Dr. Richin who performed the surgery was responsible for obtaining this consent, not Dr. Bachner who merely assisted Dr. Richin. Had Dr. Richin obtained such consent, then Dr. Bachner's actions would clearly have been covered. To require that every person assisting in surgery independently obtain consent would contravene the statutory language.

Moreover, the written consent signed by Duke gave her consent to the *surgical procedure* to be performed on her leg and did not purport to restrict itself to *certain named physicians or personnel* performing the surgery. Thus, this consent pertained to all medical personnel assisting in the procedure and was broad enough to cover Dr. Bachner.

Inasmuch as the only basis for the claims against Dr. Bachner was the alleged lack of consent, the trial court did not err in granting summary judgment to Dr. Bachner.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED MARCH 4, 2004.

*Pierce & Young, J. Wayne Pierce*, for appellants.

*Love, Willingham, Peters, Gilleland & Monyak, John A. Gilleland, Weinberg, Wheeler, Hudgins, Gunn & Dial, Robert G. Tanner, Allen & Weathington, Paul E. Weathington*, for appellee.