## A04A1025. CORDELL v. MOHAWK INDUSTRIES, INC. et al.
(603 SE2d 534)

BLACKBURN, Presiding Judge.

In this personal injury suit filed by an alleged invitee after an injury received at an industrial work site, Janene Cordell appeals the trial court's grant of summary judgment in favor of American Weavers,[1] contending that the trial court erred by finding that, at the time that Cordell filed her lawsuit, American Weavers had legally merged into another corporation and no longer existed as a legal entity. See OCGA §§ 14-2-1105; 14-2-1106. For the reasons set forth below, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[2]

Viewed in this light, the record shows that, on August 10, 1998, American Weavers entered into a purchase agreement with Aladdin Manufacturing Corporation, a Tennessee corporation, whereby Aladdin agreed to purchase American Weavers. On November 8, 1999, Cordell was seriously injured by a forklift while on the work site at American Weavers. In December 1999, American Weavers was merged into Aladdin, and a certificate of merger was filed with and accepted by the Tennessee Secretary of State on December 16, 1999. Almost two years after this merger, on October 19, 2001, Cordell filed suit against American Weavers to recover for her damages. Then, on May 20, 2003, Cordell filed an amended complaint against American Weavers, and, on July 30, 2003, Cordell finally had Aladdin joined as a party pursuant to a consent order.

On October 1, 2003, the trial court conducted a hearing to consider a motion for summary judgment filed by American Weavers. Cordell did not attend this hearing, contending that her notice must have been lost in the mail. Cordell does not include a transcript of this hearing for our consideration on appeal. Following this hearing, on October 20, 2003, the trial court granted summary judgment to

---

[1] Cordell also filed suit against Mohawk Industries, Inc., of which American Weavers was once a subsidiary. Mohawk remains a defendant in the case at this time.

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

American Weavers, finding that it was "no longer a viable legal entity as a result of its merger." Cordell now appeals this ruling.

In this case, the record contains a copy of the certificate of merger filed by American Weavers with the Tennessee Secretary of State on December 16, 1999,[3] and the record supports a finding that the merger became effective during that month.

OCGA §§ 14-2-1105 and 14-2-1106 set forth the effects of a merger under Georgia law. OCGA § 14-2-1106 provides:

> (a) When a merger governed by this article takes effect:
> (1) Every other corporation or entity party to the merger merges into the surviving corporation or entity and the separate existence of every corporation or entity except the surviving corporation or entity ceases;
> (2) The title to all real estate and other property owned by, and every contract right possessed by, each corporation or entity party to the merger is vested in the surviving corporation or entity without reversion or impairment, without further act or deed, and without any conveyance, transfer, or assignment having occurred;
> (3) The surviving corporation or entity has all liabilities of each corporation or entity party to the merger;
> (4) A proceeding pending against any corporation or entity party to the merger may be continued as if the merger did not occur or the surviving corporation or entity may be substituted in the proceeding for the corporation or entity whose existence ceased;
> (5) The articles of incorporation or other governing documents of the surviving corporation or entity are amended to the extent provided in the plan of merger; and
> (6) The shares of each corporation party to the merger and the shares of each of the entities party to the merger that are to be converted into shares, obligations, or other securities of the surviving or any other corporation or into cash or other property are converted and the former holders of the shares are entitled only to the rights provided in the plan of merger or to their rights otherwise provided by law.

Pursuant to this explicit statutory authority, the merger between American Weavers and Aladdin took effect in December 1999. As of that time, American Weavers ceased to exist as a separate legal

---

[3] See OCGA § 14-2-1105 (c).

entity, and all rights and liabilities of American Weavers were transferred, as a matter of law, to Aladdin.

The record clearly shows that Cordell did not file suit against American Weavers until October 19, 2001. At that time, American Weavers no longer existed, and, in fact, it had been merged out of existence for well over a year. Therefore, pursuant to the clear statutory authority cited above, the trial court correctly granted summary judgment to American Weavers, which simply was not a viable entity at the time Cordell's suit was filed.

We note that, subject to their terms, any insurance contracts held by American Weavers at the time of the merger would inure to the benefit of Aladdin in its capacity as the surviving corporation. See OCGA § 14-2-1106 (a) (2) ("every contract right . . . is vested in the surviving corporation"). Furthermore, any liabilities American Weaver may have had to Cordell became the liabilities of Aladdin. See OCGA § 14-2-1106 (a) (3). Furthermore, it is undisputed that the parties remaining as defendants in this case have over $1 million of insurance coverage, so, if she can prove her claims, Cordell will not be left without redress.

Finally, contrary to Cordell's arguments, OCGA § 14-2-1106 (a) (4), cited above, does not change this result as that provision is applicable only to proceedings pending *before* a merger is consummated. In this case, it is undisputed that Cordell did not file an action until after the merger in question. Accordingly, OCGA § 14-2-1106 (a) (4) is not applicable to her claims.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED AUGUST 18, 2004.

*Warshauer, Thomas, Thornton & Rogers, Bradford W. Thomas, Brian D. Rogers*, for appellant.

*Barksdale & Associates, M. Scott Barksdale, Magill & Atkinson, Thomas E. Magill*, for appellees.