## A04A2131. ALSTON v. SUPERIOR COURT CLERKS' RETIREMENT FUND OF GEORGIA.
### (608 SE2d 734)

BLACKBURN, Presiding Judge.

In this action regarding the right to certain retirement benefits, Nancy Jo Alston appeals the trial court's grant of summary judgment to the Superior Court Clerks' Retirement Fund of Georgia (the Fund), contending that issues of fact remain whether she is entitled to credit toward retirement for years she served as a superior court clerk in Webster County prior to the time that she voluntarily withdrew from the Fund. For the reasons set forth below, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

Viewed in this light, the record shows that, on January 1, 1975, Alston was appointed as the Clerk of the Superior Court of Webster County, and she served in that capacity until December 31, 1988. On March 31, 1981, Alston chose to join the Fund, which requires members to pay certain monthly dues in order to participate.[2] At that time, limitations on credit for prior service as a clerk or deputy clerk had not yet been enacted. As such, Alston was able to apply for and receive retirement credit for all of the time that she had been serving as Webster County's clerk dating back to 1975.

On October 1, 1982, however, Alston decided to withdraw from the Fund completely, and all of the contributions she had made to that point were refunded to her.[3] At that point, Alston was no longer a member of the Fund.

On November 1, 1982, one month after Alston's withdrawal from the Fund, the legislature enacted OCGA § 47-14-77, which provides:

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] OCGA § 47-14-40 (a) provides:
Any clerk, in order to participate in the benefits provided for in this chapter, shall make application to the Superior Court Clerks' Retirement Fund of Georgia upon forms to be furnished for that purpose by the board, giving such information as may be required by the board. He or she shall pay $50.00 per month into the fund.

[3] OCGA § 47-14-76 states: "Any member may withdraw the total sum, without interest, which he has paid into the fund."

(a) *Notwithstanding any other provision of this chapter to the contrary*, a clerk may not receive credit for retirement purposes for any service performed as a clerk prior to six months from the time application is made for membership in the fund.

(b) *Notwithstanding any other provision of this chapter to the contrary*, a clerk may not receive credit for retirement purposes for deputy clerk service or for military service unless such credits are sought at the time of application for membership in the fund.

(Emphasis supplied.) Therefore, as of November 1, 1982, no applicant for membership in the Fund could receive more than six months credit for prior service as a superior court clerk at the time of the application.

In 1988, Alston moved with her husband to Harris County, where she obtained employment as Deputy Clerk of the Superior Court of Harris County on January 1, 1989. Alston remained Deputy Clerk until January 1, 1997, when she began serving as the Clerk of the Superior Court of Harris County, a position she continues to hold.

On June 19, 1997, Alston filed an application to become a member of the Fund. On her application, Alston sought credit for her service in Harris County. In accordance with OCGA § 47-14-77 (a) and (b), the Fund gave Alston credit for this service. Alston did not request any credit for her prior service in Webster County.

At the time of her application to rejoin the Fund, Alston also inquired about her right to receive retirement credit for her prior service as the Superior Court Clerk of Webster County pursuant to OCGA § 47-14-76, which provides:

In order to become eligible to rejoin the fund and to receive any benefits under this chapter after . . . withdrawal, [the applicant] must repay the entire amount which he has withdrawn, plus interest at 6 percent per annum. A member shall not receive credit for any service after such withdrawal unless he pays the dues which he would have paid had he been a member of the fund during such period of service, plus interest on such amounts at 6 percent per annum.

Alston maintains that, at the time of this application, she stood ready to repay the amount that had been refunded to her at the time of her withdrawal plus dues and interest in order to receive credit for her Webster County service all the way back to 1975.

In response to Alston's request, the treasurer of the Fund told her that she would have to take her request before the Board. Alston, however, chose not to do so at that time, and, instead, she only requested credit for her later Harris County service, which she received.

In October 2002, Alston approached the Fund once again and formally requested credit toward retirement for the time she served as clerk in Webster County, dating back to 1975. At that time, Alston offered to pay back the amount of the contributions that she had been refunded at the time of her withdrawal in 1982 along with dues and interest. After a meeting, the Board denied Alston's request. Alston then appealed this decision to the Clayton County Superior Court, which affirmed the Board. Alston now appeals that decision to this Court.

This case may be resolved by the plain language of OCGA § 47-14-77 (a). As set forth above, this provision states: "Notwithstanding any other provision of this chapter to the contrary, a clerk may not receive credit for retirement purposes for any service performed as a clerk prior to six months from the time application is made for membership in the fund." Following her withdrawal in 1982, Alston was no longer a member of the Fund. As such, any application filed by her, whether couched as a request to rejoin the Fund or simply to join the Fund, would be an "application for membership" governed by OCGA § 47-14-77 (a). As such, even if on June 19, 1997, Alston had requested credit for her service in Webster County, she could not have been given such credit under the plain language of the statute, as this Webster County service occurred more than six months prior to the time her application was made. Therefore, the Fund properly denied Alston's request for credit for her Webster County service, and the trial court's grant of summary judgment to the Fund was correct.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED DECEMBER 17, 2004.

*Lewis, Taylor, Todd & Dixon, John M. Taylor, Janice D. Mallory,* for appellant.

*Hulsey, Oliver & Mahar, Samuel L. Oliver, Jason A. Dean,* for appellee.