## A07A0049. CROSBY v. COMCAST CORPORATION.
## A07A0050. CLINE v. CROSBY.
(644 SE2d 917)

SMITH, Presiding Judge.

Tamie Crosby sued Comcast Corporation and its employee, Matt Cline, for Cline's conduct in allegedly exposing himself to Crosby while working in her home to repair her cable service. The trial court granted summary judgment to Comcast and partial summary judgment to Cline.[1] In Case No. A07A0050, Cline asserts that the trial court erred by denying his motion for summary judgment on Crosby's gross negligence claim. In Case No. A07A0049, Crosby asserts that the trial court erred by granting summary judgment to Comcast when it also denied summary judgment to its employee on her gross negligence claim. For the reasons set forth below, we reverse the trial court's denial of summary judgment to Cline on Crosby's gross negligence claim, and affirm the trial court's grant of summary judgment to Comcast.

Summary judgment is proper when no genuine issue of material fact appears and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review the grant or denial of a motion for summary judgment de novo, construing the evidence and all reasonable inferences in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the record shows that Crosby claims that the zipper on Cline's pants was down, fully exposing his genitals, while he was in her home performing work for Comcast. Cline testified that he noticed that his zipper was down while he was taking off his tool belt before getting into his truck to leave. He denied that anything showed through the gap other than his underwear. After noticing that his zipper was down, Cline knocked on Crosby's door and apologized to her. It is undisputed that Cline never touched Crosby or threatened her in any way, and the plaintiff admitted in her deposition that she suffered no physical injury as a result of the incident.

### Case No. A07A0050

In his sole enumeration of error, Cline asserts that the trial court should have granted his motion for summary judgment on Crosby's gross negligence claim, in addition to her ordinary negligence claim,

---

[1] Crosby's claim against Cline for the intentional infliction of emotional distress remains pending below.

because Crosby suffered no physical injury. We agree. Under Georgia's impact rule, Crosby cannot recover for ordinary or gross negligence in the absence of a physical injury. See *Southern R. Co. v. Jackson*, 146 Ga. 243 (91 SE 28) (1916); *Strickland v. Hodges*, 134 Ga. App. 909-910, 913 (216 SE2d 706) (1975). The trial court therefore erred by denying Cline's motion for summary judgment on Crosby's gross negligence claim.

### Case No. A07A0049

In her sole enumeration of error, Crosby contends the trial court erred by granting summary judgment to Comcast even though it denied summary judgment to its employee, Cline, on her gross negligence claim. According to Crosby, Comcast cannot be eliminated from the case if the gross negligence claim is still pending against its employee. Because we have held in Case No. A07A0050 that Cline is entitled to summary judgment on Crosby's gross negligence claim, this argument is moot.

We disagree with Crosby to the extent that she argues that there is a genuine issue of material fact as to whether Cline's alleged conduct was within the scope of his employment. "Georgia courts have consistently held that an employer cannot be held liable under respondeat superior for an employee's sexual misconduct when the alleged acts were not taken in furtherance of the employer's business and were outside the scope of employment." (Citations and footnote omitted.) *Piedmont Hosp. v. Palladino*, 276 Ga. 612, 614 (580 SE2d 215) (2003). In this case, it is plain and palpable from the record before us that Cline's alleged conduct was for purely personal reasons and did nothing to further Comcast's business.

For these reasons, the trial court properly granted summary judgment to Comcast on Crosby's respondeat superior claims.

*Judgment affirmed in Case No. A07A0049. Judgment reversed in Case No. A07A0050. Barnes, C. J., and Miller, J., concur.*

DECIDED APRIL 10, 2007.

*Harold J. Cronk*, for Crosby.
*Brannen, Searcy & Smith, David R. Smith*, for Cline.
*Ellis, Painter, Ratterree & Adams, Ryburn C. Ratterree*, for Comcast Corporation.