A07A0886. LOLLIS et al. v. TURNER.
(654 SE2d 229)

SMITH, Presiding Judge.

In this interlocutory appeal, Chlois Lollis appeals from the trial court's partial denial of her motion for summary judgment in a case alleging that she negligently performed a ministerial duty in her position as Clerk of Cook County Superior Court.[1] Because Georgia law does not recognize the theory of recovery asserted by appellee, we reverse.

Summary judgment is proper when no genuine issue of material fact appears and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review the grant or denial of a motion for summary judgment de novo, construing the evidence and all reasonable inferences in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). So viewed, the record shows that Edith Turner sued Lollis because Lollis's alleged negligence prevented Turner from collecting a judgment against a third party, Bill Donald. In 1999, Turner obtained a $26,860 default judgment against Donald in Florida after he failed to repay a loan, and she then domesticated that judgment in Cook County, Georgia.

In March 2001, Donald was named as a party defendant in a breach of contract action filed by Mike Donley in Cook County Superior Court, along with two corporations, Golf Cars by Legend (Florida) and Golf Cars by Legend (Georgia). This case involved the sale of a business, Golf Cars by Legend (Florida), and all of its assets to Donley.[2]

---

[1] The trial court granted Lollis's motion for summary judgment on the claims against her in her individual capacity and that portion of the trial court's order is not at issue in this appeal.

[2] Golf Cars by Legend (Georgia) d/b/a Pro Golf Cars was formed after the sale of Golf Cars by Legend (Florida). Donald is an officer of the Georgia corporation, but another person holds the position of president and runs the business. Golf Cars by Legend (Georgia) has a bank account in Adel, Georgia, and the company's president as well as Donald are authorized to draw on the account.

As part of this lawsuit, Donley made monthly payments into the court registry. When Turner learned of this lawsuit and the payments into the court registry, she initiated a separate lawsuit titled "Complaint to Impound Funds" and obtained another default judgment against Donald.[3]

The December 18, 2002 default judgment in Turner's case provided that

> the clerk of the court is hereby directed and ordered to withhold from distribution all funds now held in the registry of the court and which may continue to accrue in the registry of the court which belong to, may belong to, or are claimed to be the funds of Defendant Bill Donald or any other of the defendants. . . . Distribution of the funds shall not occur until such time as the plaintiff in the case sub judice is given time and notice by the court that a distribution of funds is sought by the parties. . . . Plaintiff shall have the right to appear at said hearing and shall be allowed to show her entitlement to all or a portion of the funds in satisfaction of the FI FA, which she holds . . . against defendant Bill Donald. . . . The clerk shall cause a copy of this order to be placed in the record [in the other case].

In 2003, Golf Cars by Legend (Georgia) asserted a counterclaim in the Donley lawsuit and requested that the money in the court registry be paid to it. The case was settled after mediation, and on May 28, 2003, the trial court issued the following order:

> The Clerk of Cook Superior Court is hereby ordered to release all monies held by her in the above case to the attorney for the defendant, Berrien L. Sutton, for distribution to the defendant. All future payments shall be made by the Plaintiffs to the attorney for the defendants for distribution to the defendants.

> The request for dissolution of the injunctive relief previously granted will be addressed at a later date if the defendants request a hearing on the same.

On June 2, 2003, Lollis issued a check in the amount of $212,895.70 to the defendants' attorney Berrien Sutton. On June 2, 2003, Sutton

---

[3] Inexplicably, Turner did not avail herself of the procedure provided by OCGA § 9-11-22 (a) to intervene directly in the lawsuit through which payments were being made into the court registry.

issued a check to Pro Golf Cars in the amount of $207,047.02. Donald testified that he "probably" endorsed this check and deposited it into the corporation's bank account in Adel, Georgia. Donald testified that he did not receive any money from the corporation after this check was deposited. Turner, after an opportunity for discovery, has presented no evidence that Donald received any of this money from the corporation.

On August 1, 2003, the trial court issued a "final order and judgment" that clarified its previous order as follows:

> The indebtedness involved in this matter is owed solely to Golf Cars by Legend, Inc., a Georgia corporation, and is to, accordingly, be paid only to said Golf Cars by Legend, Inc., and neither Bill Donald nor Ernest W. Donald are the holder of or have any rights to or in the subject promissory notes or security instruments and neither Bill Donald nor Ernest W. Donald are entitled to be paid individually for the indebtedness or any portion thereof owed to said Golf Cars by Legend, Inc., nor do Bill Donald or Ernest W. Donald, in an individual capacity, have the right to receive, satisfy and/or cancel the said indebtedness owed to Golf Cars by Legend, Inc.

After Turner learned that Lollis had released funds in the court registry without notifying her, she filed a complaint against Lollis. Turner alleges that Lollis's negligence makes her liable to Turner for the amount of her unsatisfied judgment against Donald. Lollis moved for summary judgment in her favor based, in part, on the ground that her conduct could not be the proximate cause of any loss to Turner because her unsatisfied judgment was against Donald, an individual, and none of the funds paid from the court registry were paid to Donald, but instead to a corporation. The trial court denied the motion with regard to Lollis's liability in her official capacity for ministerial acts of negligence, stating that

> Ms. Turner's argument seeking to pierce the corporate veil may not succeed. The point is that she did not get her opportunity to make the argument before the judge presiding in the Golf Cars litigation. Whether this argument will work and whether defendant herein has any liability whatsoever are questions in sharp dispute. However fact questions remain not subject to summary adjudication.

Lollis argues on appeal that the trial court should have granted complete summary judgment in her favor because Turner cannot show that any alleged negligence on her part was the proximate cause

of her alleged inability to collect her unsatisfied judgment against Donald. Turner, on the other hand, asserts that a jury should decide the issue of proximate cause because there are genuine issues of material fact with regard to whether she would have been able to pierce the corporate veil of Golf Cars by Legend, Inc. to collect the money owed to her by Donald.

Courts have labeled Turner's theory as "outsider reverse veil-piercing" because she is attempting " 'to satisfy the debts of an *individual* out of the corporation's assets' [cit.]," instead of a corporation's debts from an individual. *Acree v. McMahan*, 276 Ga. 880, 881 (585 SE2d 873) (2003). In *Acree*, supra, the Georgia Supreme Court declined to recognize this "radical change to the concept of piercing the corporate veil in this state." Id. at 883. As a result, Turner cannot use this rejected theory to support her claim that Lollis's alleged negligence was the proximate cause of her alleged loss. Because she presented no other viable proximate cause argument below or on appeal, we must conclude that the trial court erred by denying summary judgment in Lollis's favor.[4]

*Judgment reversed. Barnes, C. J., and Miller, J., concur.*

DECIDED NOVEMBER 15, 2007.

*Alexander & Vann, William C. Sanders*, for appellants.
*Jones, Cork & Miller, Callie Dickson Bryan, Hubert C. Lovein, Jr.*, for appellee.

---

[4] Based on this finding, we need not address Lollis's remaining claim that she is entitled to official immunity because she paid the money to Pro Golf Cars pursuant to a court order.