### A11A1250. BROCK v. HARRIS.
(718 SE2d 851)

DOYLE, Judge.
Ted Brock, d/b/a Hogarth's Lawn Mower Service Center and Brock's Outdoor, appeals from the trial court's order denying his

motion for summary judgment as to Fred L. Harris's claims filed pursuant to OCGA § 51-3-1, arising from an incident in which Harris contends he was injured attempting to escape from Brock's dog while visiting Brock's place of business. For the reasons that follow, we reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] Moreover,

> a defendant demonstrates entitlement to summary judgment by showing that the record lacks evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case. The defendant does not need to affirmatively disprove the plaintiff's case, but may prevail simply by pointing to the lack of evidence. If the defendant does so, the plaintiff cannot rest on his pleadings, but must point to specific evidence that gives rise to a triable issue of fact.[2]

Viewed in the light most favorable to the nonmovant,[3] the evidence shows that Brock owned and operated a lawn mower repair shop and was the only worker in the store on December 14, 2007. Brock had brought his dog, which he had owned since the dog was a puppy, to the store on that day, and the dog routinely was in the store during business hours. Harris, a customer of the store, entered the shop and approached the counter when "a large dog appeared from the backroom and moved aggressively" toward him. Harris broke his ankle when he jumped into a trailer parked outside the store attempting to escape the animal. Brock was upstairs during the encounter and deposed that just before Harris was injured, Brock heard the dog's paws click across the floor. Brock stated that he did not hear the dog bark or growl, and Brock knew of no previous instance in which the dog had attacked, injured, bitten, or acted aggressively toward anyone. Harris presented no evidence of prior aggressive acts by the dog.

Harris sued Brock alleging that Brock "knew or should have known of the danger associated with allowing an aggressive dog to roam his premises before" the incident involving Harris. Brock moved for summary judgment on the basis that there was no issue of material fact as to the question of whether Brock had knowledge that his dog would behave aggressively toward Harris. After a hearing,

---

[1] See OCGA § 9-11-56 (c).

[2] (Punctuation omitted.) *Food Lion v. Walker*, 290 Ga. App. 574 (660 SE2d 426) (2008).

[3] See *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

the trial court denied Brock's motion, finding that there were issues of material fact regarding whether Brock had superior knowledge of the dog's propensity toward aggressive behavior. The trial court issued a certificate for immediate review, and Brock filed an application for interlocutory appeal with this Court, which this Court granted. We now reverse the trial court's denial of summary judgment.

Pursuant to OCGA § 51-3-1, an owner or occupier of land "is liable in damages to [invitees] for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." Harris contends that by keeping the dog on the premises, Brock created an unsafe condition for invitees. Nevertheless,

> [i]n a typical dog bite case, regardless of whether the cause of action is based on . . . [OCGA § 51-3-1] or the dangerous animal liability statute . . . , a plaintiff must produce evidence of the vicious propensity of the dog in order to show that the owner of the premises had superior knowledge of the danger.[4]

Moreover, "under Georgia law, there is a presumption that dogs are harmless," and a plaintiff bears the burden of showing superior knowledge on the part of the owner that the dog is not harmless.[5] Here, Harris failed to produce any evidence of Brock's superior knowledge that his dog had a propensity to behave aggressively toward people, and thus, the trial court erred by denying Brock's motion for summary judgment.

*Judgment reversed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED NOVEMBER 10, 2011.

*A. Martin Kent*, for appellant.
*Steven L. Morgan*, for appellee.

---

[4] (Punctuation omitted.) *Custer v. Coward*, 293 Ga. App. 316, 319 (2) (667 SE2d 135) (2008). See *Gibson v. Rezvanpour*, 268 Ga. App. 377, 379 (2) (601 SE2d 848) (2004).

[5] See *Gibson*, 268 Ga. App. at 379 (3).