A98A1774. CAPITAL ALLIANCE INSURANCE COMPANY, INC.
v. CARTWRIGHT et al.
(512 SE2d 666)

BLACKBURN, Judge.

Capital Alliance Insurance Company, Inc. (Capital Alliance) appeals from the trial court's denial of its motion for summary judgment and the grant of defendants'[1] motion for summary judgment in the underlying declaratory judgment action. We reverse, finding

---

[1] Franklin Transportation, Inc., Triple Crown Services Company, NS Crown Services, Inc. and TCV, Inc.

that, under Alabama law,[2] the policy unambiguously excludes coverage for claims arising out of the use of a truck or trailer, and, consequently, the trial court erred in granting summary judgment to defendants and in failing to grant summary judgment to Capital Alliance.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Applying this standard to the facts before us, the record shows that Capital Alliance issued a commercial general liability policy to Franklin Transportation, Inc. (Franklin), a motor contract carrier. That policy contained an automobile liability exclusion which stated: "This insurance does not apply to . . . '[b]odily injury' or 'property damage' arising out of the . . . use . . . of any . . . 'auto' . . . owned or operated by or rented or loaned to any insured. Use includes operation and 'loading or unloading.'" The Capital Alliance policy defined "auto" as "a land motor vehicle, trailer or semi-trailer designed for travel on public roads, including any attached machinery or equipment." Franklin obtained coverage from another carrier to cover its automobile liability.

The Capital Alliance policy also contained a contractual indemnity exclusion which stated: "This insurance does not apply to . . . '[b]odily injury' or 'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages: (1) Assumed in a contract or agreement that is an 'insured contract.'" Pursuant to the policy an "insured contract" is "[t]hat part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for 'bodily injury' . . . to a third person."

Prior to purchasing the Capital Alliance policy, Franklin entered into a Drayage Services Agreement with Triple Crown Services, Inc. (Triple Crown). Franklin agreed to indemnify Triple Crown for loss or damages arising out of the performance of this agreement. Subsequently, Franklin was hauling a trailer owned by Triple Crown, and a shock absorber fell off the trailer, went through the windshield of Cartwright's car, and struck Cartwright in the head, seriously injuring him.

---

[2] The parties agree that Alabama law applies to the interpretation of the policy.

Cartwright filed suit against Franklin and Triple Crown for his injuries.[3] Triple Crown sought indemnity from Franklin for Cartwright's claim. The defendants, in turn, sought coverage for the indemnity claim under the commercial general liability policy issued by Capital Alliance. Capital Alliance filed a declaratory judgment action seeking a determination of its liability, arguing that the automobile exclusion barred coverage of the claim. Defendants argued that the policy provided coverage under the contractual indemnity exclusion. It is undisputed that the contractual indemnity exclusion does not apply to the facts of the underlying claim and therefore does not bar coverage.

1. The trial court determined the Capital Alliance policy was ambiguous because the automobile exclusion barred coverage, but the contractual indemnity exclusion did not. Construing this ambiguity against the insurer, the trial court held the policy provided coverage for the indemnity claim. The trial court based coverage on the exception contained within the contractual indemnity exclusion.

In analyzing a contract of insurance, "the court must examine more than an isolated sentence or term; it must read each phrase in the context of all other provisions." *Hall v. American Indem. Group*, 648 S2d 556, 559 (Ala. 1994). Reading the policy as a whole, the application of the contractual indemnity exclusion has no bearing on the interpretation or application of the automobile liability exclusion. The exclusions are not mutually exclusive. Typically when one or more exclusions apply to bar coverage, the other exclusions do not. Under the trial court's construction, insurance carriers would be unable to eliminate risks unless all of the exclusions within a policy applied to a claim. "Courts are not empowered to insert ambiguities by strained and twisted reasoning[ ] into contracts where no ambiguities exist." (Punctuation omitted.) *Woodall v. Alfa Mut. Ins. Co.*, 658 S2d 369, 371 (Ala. 1995). The policy is not made ambiguous simply because the contractual indemnity exclusion does not apply.

Nor is the policy made ambiguous by the automobile exclusion. The Alabama Supreme Court has previously interpreted a similar automobile exclusion and found it unambiguous. *St. Paul Mercury Ins. Co. v. Chilton-Shelby Mental Health Center*, 595 S2d 1375 (Ala. 1992). In that case, St. Paul had issued a policy to the mental health center which included general liability coverage. One of the services provided by the mental health center was rural transportation. The policy excluded "injury due to the ownership or use of any auto owned or operated by any protected person." (Punctuation omitted.)

---

[3] Cartwright's claim against Franklin was covered by the insurance carrier who had issued the automobile liability policy.

Id. at 1376. When the mental health center sought coverage for the heat-related death of a toddler who had been left accidentally in a parked van, St. Paul relied on the automobile exclusion to deny coverage. The Alabama Supreme Court found the exclusion unambiguous as written and held the policy had to be enforced as written. The exclusion barred coverage for the wrongful death claim. Id. at 1377.

Applying that holding to the facts before us, the automobile exclusion is unambiguous and operates to bar coverage of the underlying claim. "Where there is no ambiguity in the terms of an insurance contract as written, express provisions of the policy, including any exclusions, cannot be defeated by making a new contract for the parties. Although insurance policies containing ambiguities are to be construed in favor of the insured, it is imperative that courts enforce unambiguous policies as written." (Punctuation omitted.) *Carpet Installation &c. v. Alfa Mut. Ins. Co.*, 628 S2d 560, 562 (Ala. 1993). The automobile exclusion excludes risks associated with the insured's use of trailers and semi-trailers. The bodily injury alleged by Cartwright undisputedly arises out of the use of a trailer or semi-trailer being operated on a public road by the insured, Franklin. Even though the claim against Franklin is a contractual indemnity action, the fact remains that Cartwright's injuries arose out of the use of a trailer, a risk excluded by the policy.

Defendants contend that *Townsend Ford v. Auto-Owners Ins. Co.*, 656 S2d 360 (Ala. 1995) supports finding the terms of the exclusion ambiguous. *Townsend* is distinguishable. *Townsend* held that an automobile dealership's misrepresentations did not fall within the scope of the automobile exclusion. In contrast, the claim here clearly falls within the ambit of the automobile exclusion. See *St. Paul Mercury Ins. Co.*, supra (although liability was not predicated on the insured's operation of a van, the claimant's injuries arose out of use of van and exclusion applied).

Defendants argue that the policy should be construed to meet the reasonable expectations of the insured. However, since the express provisions of the Capital Alliance policy are clear and unambiguous, construction of the policy is unnecessary. *United Svcs. Auto. Assn. v. Smith*, 329 S2d 562 (Ala. App. 1976). Furthermore, the actions of Franklin do not show a reasonable expectation of coverage. The Common Policy Declarations page of the policy clearly states that no business auto liability coverage was purchased. Franklin accepted the policy with the understanding that it excluded liability arising out of the use of trailers and even obtained coverage from another carrier to cover the excluded risk. Franklin's actions are consistent with the actions of an insured who had no expectation that such claims would be covered by the Capital Alliance policy.

Accordingly, the trial court erred in finding that the Capital Alli-

ance policy was ambiguous and in finding that it covered the contractual indemnity for Cartwright's claim. The trial court also erred in failing to find that the automobile exclusion barred coverage of the underlying claim.

2. Capital Alliance contends the trial court erred by prematurely granting summary judgment to the defendants prior to the expiration of 30 days from service of the defendants' motion and before Capital Alliance had the opportunity to respond. Our decision in Division 1 makes this enumeration of error moot.

3. The defendants moved to strike certain affidavits filed by Capital Alliance. As this Court did not consider those affidavits in Division 1, the defendants' motion is moot.

*Judgment reversed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 19, 1999 —

*Seacrest, Karesh, Tate & Bicknese, Gary L. Seacrest, Lauren G. Danielson,* for appellant.
*Drew, Eckl & Farnham, Lucian Gillis, Jr.,* for appellees.