**NOT RECOMMENDED FOR PUBLICATION**
File Name: 04a0083n.06
Filed: November 12, 2004

No. 03-1714

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Landmark American Insurance Company, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| United States Fidelity & Guaranty Company, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee, | ) | |
| | ) | |
| | ) | |
| Valley Personnel, Inc., | ) | |
| | ) | |
| Intervenor-Appellee. | ) | |

BEFORE:     Merritt, Moore and Gilman, Circuit Judges.

**MERRITT, Circuit Judge.**  A trucking company (Great American Lines) leased a trailer truck from a truck supplier (Valley Transportation) and used a driver for the truck supplied by an affiliate company (Valley Personnel) of the truck supplier.  Early in 1995, the leased truck jack-knifed, struck a nearby pickup truck and killed the pickup truck's driver.  The deceased's estate filed suit against the trucking company, the two affiliated companies who supplied the leased truck and the borrowed driver, and the driver of the leased truck.

The parties settled the action with the estate for $2.5 million with no admissions of negligence by any of the four defendants and without settling the insurance indemnity issues

concerning the allocation of liability among various insurance companies. After several related actions in the state courts of Pennsylvania and the federal courts in Michigan, we now have before us a declaratory judgment action between two insurance companies arguing over which company must supply the remaining funds (a little less than $1 million) of the $2.5 million settlement. Both companies have policies covering Valley Personnel. United States Fidelity & Guaranty issued two policies to Valley Personnel, a trucker's policy and a comprehensive liability policy. Landmark American Insurance has an excess policy covering Valley Personnel.

In a thoughtful, well-crafted opinion, the district court concluded that USF&G had paid out the limit ($1,000,000) of its trucker's policy issued to Valley Personnel and that USF&G's comprehensive liability policy covering Valley Personnel excluded from coverage injuries arising from truck accidents like this one. Thus, the district court concluded that the excess policy issued by Landmark to Valley Personnel would provide the indemnity coverage for the remaining disputed amount of the settlement. The only question before us turns on whether USF&G's comprehensive liability policy provides coverage for bodily injury arising from truck accidents like the one here. We agree with the district court that Valley Personnel bought the trucker's policy from USF&G with a limit of $1,000,000 to cover accidents of this type and that such truck accidents are excluded from coverage of USF&G's comprehensive liability policy for Valley Personnel. Therefore, we agree that the excess insurance policy provided by Landmark covering Valley personnel must make up the balance.

The comprehensive general liability policy issued to Valley Personnel by USF&G contains several exclusions to coverage, two of which are at issue in this case. They read as follows:

2. Exclusions

This insurance does not apply to:

. . .

b.      "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

      (1)      Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement . . . .

. . .

g.      "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" [which definition specifically includes the type of truck involved in the accident] or watercraft owned or operated by or rented or loaned to [Valley Personnel] . . . . This exclusion does not apply to:

    . . .

      (4)      Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft ["auto" specifically not mentioned] . . . .

Looking first to the plain language of the policy, the parties agree that the plain language of the subsection (g) exclusion from liability applies to the accident because it involved "'bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any . . . 'auto.'" The parties further agree that the indemnity agreement between Valley Personnel and the trucking company, Great American, is an "insured contract," thereby arguably triggering the exception to the exclusion for "insured contracts" in subsection (b)(1). The parties do not agree on how these two provisions of the policy should be interpreted in the situation here.

Landmark makes essentially two arguments as to why the comprehensive policy should cover the accident despite the exclusion for auto accidents in subparagraph (g). First, it argues that the conflict between the exclusion for auto accidents under (g) and the exception to the exclusion for "insured contracts" found in (b)(1) creates an ambiguity that requires us to find under established insurance law that the policy should provide coverage. Second, Landmark argues that the auto exclusion in (g) is not applicable because the claim against Valley Personnel should not be characterized as arising out of the negligence of the driver at the time of the accident, but instead as arising out of Valley Personnel's own "active negligence." Landmark's claim is that Valley Personnel is guilty of "active negligence" in failing to provide a qualified driver, in breach of its contractual obligations, because the truck driver did not meet Valley Personnel's stated hiring requirement that drivers have at least two years of experience. In other words, Landmark contends that the proximate cause of the accident was Valley Personnel's negligence and breach of contract in providing an unqualified driver, not the truck driver's negligence, thereby rendering the auto exclusion in (g) inapplicable and leaving the exception to the exclusion for insured contracts in (b)(1) as the only applicable subsection.

District Judge Edmunds did not agree with Landmark's arguments, and neither do we. The plain language of the policy, read as a whole, unambiguously excludes coverage for any injury arising out of an auto accident, regardless of what the other exclusions might provide. To bolster this interpretation of the plain meaning of the policy, USF&G points out that Valley Personnel purchased a separate $1 million truckers policy to fill this "gap" in the comprehensive policy. Generally, comprehensive policies containing an auto exclusion, when provided in conjunction with

a separate auto policy, are deemed to be complementary rather than overlapping. We agree with the district court that the comprehensive policy is unambiguous in its exclusion of coverage for auto accidents, regardless of what other exclusions may apply.

Even if the exception to the exclusion for "insured contracts" found in subparagraph 2(b)(1), applied, as argued by Landmark, we would still find coverage barred when we view the policy as a whole. Subsection (g)(4), which is an exception to the auto exclusion for certain insured contracts, specifically omits insured contracts for the use of autos. The exception to the exclusion states "This exclusion does not apply to: . . . Liability assumed under any 'insured contract' for the ownership, maintenance or use of *aircraft or watercraft* . . . ." (Emphasis added.) Trucks, cars and similar vehicles are specifically not mentioned in the exception, so liability arising from an insured contract relating to the use of an auto is still excepted from coverage under the plain language of the policy. When the policy is read as a whole, the plain language clearly excludes coverage for an auto accident, even when an insured contract is involved.

Because Landmark realized that the plain language of the policy barred coverage for auto accidents, it turned to another argument: that the indemnity order against Valley Personnel was based on Valley Personnel's negligence in the breach of its contractual obligation to hire qualified drivers, *not* on the negligence of Valley Personnel's driver. Hence, goes Landmark's argument, the proximate cause of the accident was a breach of contract, not a tort, bringing the exclusion for insured contracts back into play and making the exception for auto accidents immaterial. This argument is without merit.

Generally, comprehensive policies with an automobile exclusion like the one herein do not cover indemnification obligations pursuant to "insured contract" clauses where the underlying action arises from the use of an auto. Although the facts are not identical, a recent Sixth Circuit case is particularly relevant to the legal theory here. In *Stevens v. Fireman's Fund Ins. Co.*, 375 F.3d 464 (6th Cir. 2004), a declaratory judgment action brought as a result of a train-truck collision sought determination as to whether an auto exclusion to a comprehensive policy applied where there was a claim that the accident resulted in part from negligence in the dispatching of a driver who should not have been permitted to drive because he had exceeded the hours-in-service limitation under federal safety regulations. The district court rejected that proposition and a panel of this Court affirmed. The court, interpreting Florida law, determined that the bodily injuries and property damage sustained in the collision arose out of use of a vehicle, even if they also arose out of negligence in the dispatch of the driver. Although the court was interpreting Florida law, core insurance principles were relied upon in reaching the conclusion. Generally, comprehensive or general liability policies with auto exclusion clauses like the one here provide no coverage for injuries that would not have occurred *but for* the use of an auto, regardless of other contributing factors. *Barge v. Jaber*, Nos. 93-4064/4146, 1994 WL. 601400 (6th Cir. Nov. 2, 1994).

When *Stevens* is applied to the facts here, we must reject Landmark's claim that we should look to the failure of the company to provide a qualified driver instead of the accident itself as the proximate cause. Under *Stevens*, even if the exception for an "insured contract" brought the comprehensive policy back into play, the liability assumed by the clause is still subject to the explicit auto exclusion because it is both a liability resulting from "bodily injury" arising out of an

auto accident, and a liability arising out of Valley Personnel's negligence and breach of contract in hiring. Under *Stevens*, the specific exclusion overrides the general exception.

The two state cases cited by the district court in its opinion are also instructive and support the conclusion that where the bodily injury arises from an auto accident, the auto exclusion applies to bar coverage under the comprehensive policy even where an "insured contract" exception may also be applicable. One of them is from Michigan, where the accident in the instant diversity case occurred. In *American States Ins. Co. v. Home Indemnity Co.*, No. 213834, 2000 WL 33405386 (Mich. Ct. App. Oct. 24, 2000), the comprehensive insurance policy contained an "insured contract" exception and an "auto exclusion" clause that were almost identical to those in the United States Fidelity & Guaranty policy at issue here. An employee was injured when he slipped on ice while making a delivery from his trailer truck and injured himself on the truck's cranking mechanism. Because the negligent maintenance of the icy surface contributed to the driver's injury, it was argued that the "insured contract" clause of the comprehensive policy governed, not the "auto exclusion" clause. The court held that the comprehensive policy "plainly and unambiguously" excludes coverage arising from use of an auto, which included injury while unloading the trailer truck. *Id.* at **6-7. The court examined the causal connection between the use of the truck and the injury, and also discussed the tort concept of proximate cause. Although the ice "contributed" to the injury, it was not the sole cause and the auto exclusion applied to bar coverage under the comprehensive policy. Although not directly on point, the case indicates the general tendency of the Michigan courts in interpreting the auto exclusion in policies like the one now before us.

In *Capital Alliance Ins. Co. v. Cartwright*, 512 S.E.2d 666 (Ga. Ct. App. 1999), a commercial general liability insurer sought a declaratory judgment that the automobile exclusion in the comprehensive policy barred coverage where the injury to a passing motorist was caused by a shock absorber that fell from the trailer truck, even if there was negligence by the trailer owner. The auto exclusion and "insured contract" clauses are the same as the clauses in this case. The Georgia Court of Appeals held the auto exclusion to be unambiguous, thereby barring coverage under the comprehensive policy. *Id.* at 669.

Applying the holdings from these cases to the facts here, the automobile exclusion is unambiguous and operates to bar coverage of the underlying claim. The automobile exclusion in United States Fidelity & Guaranty's comprehensive policy unambiguously excludes risks associated with Valley Personnel's use of tractor trailers. Even if Landmark's claim against Valley Personnel is construed as a contractual indemnity action arising from Valley Personnel's negligence, the fact remains that the driver of the pickup was killed by the use of a tractor trailer, a risk excluded by the comprehensive policy.

For the foregoing reasons, we affirm the judgment of the district court.