**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2009

Charles R. Fulbruge III
Clerk

No. 09-60016

FIRST SPECIALTY INSURANCE CORPORATION,

Plaintiff-Appellee

v.

MISSISSIPPI STATE UNIVERSITY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:07-CV-98

Before REAVLEY, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

After a bench trial, Mississippi State University appeals the district court's judgment that it was not entitled in an underlying lawsuit to a defense or coverage as an additional insured under an insurance policy issued by First Specialty Insurance Corporation to U.S. Aquaculture Licensing, Inc. Reviewing the district court's findings of fact for clear error and questions of law de novo, *see S.E.C. v. Gann*, 565 F.3d 932, 936 (5th Cir. 2009), we AFFIRM for the following reasons:

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. We agree with the district court that the 2003 and 2004 policies unambiguously limited coverage to the premises of U.S. Aquaculture and did not include the products liability coverage sought by the University. Both policies provided a classification of coverage for buildings or premises. The premium for both policies was based on the square footage of U.S. Aquaculture's premises. Both policies included a classification limitation that excluded coverage for operations not specifically listed. Under Mississippi law, the plain and unambiguous language of an insurance contract controls the interpretation of the policy. *See Whitaker v. T&M Foods, Ltd.*, 7 So. 3d 893, 899 (Miss. 2009). Furthermore, the 2004 policy's designated premises endorsement made clear beyond dispute that the policy was limited to premises liability. We find no merit to the University's contention that this endorsement was "slipped" into the policy, as we presume that the insured was aware of the contents of a policy that it had an affirmative duty to read. *See Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 438 (5th Cir. 2007); *Cherry v. Anthony, Gibbs, Sage*, 501 So. 2d 416, 419 (Miss. 1987).

2. We disagree with the University's contention that coverage existed because of the insured contract exception to the exclusion of coverage for liability arising from indemnity agreements. This exception to the exclusion did not negate exclusions under the classification limitation or the designated premises endorsement, which were still applicable. *See, e.g.*, *Capital Alliance Ins. Co. v. Cartwright*, 512 S.E.2d 666, 668 (Ga. Ct. App. 1999); *cf.* LEE R. RUSS & THOMAS F. SEGALLA, 2 COUCH ON INSURANCE § 22:30, at 22–65 (3d ed. 2009) ("[T]he court must look to the entire contract of insurance for a true understanding of what risks are assumed and what risks are excluded by the company. . . . [A]n ambiguity in one

exclusion does not make all exclusions ambiguous; each separate exclusion must be separately construed.").

3. The district court's conclusion that Bill Andrews was an agent of U.S. Aquaculture and was not an agent of First Specialty was not clearly erroneous. Andrews did not hold himself out as an agent of the insurer and did not have either actual or apparent authority to act as the insurer's agent. *See Andrew Jackson Life Ins. Co. v. Williams*, 566 So. 2d 1172, 1180–81 (Miss. 1990); *see also Leonard*, 499 F.3d at 439.

AFFIRMED.